RECEIVED

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA    10 JUN 25  A 10: 09

Alexandria Division    CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:10-CR-200 |
| | ) | |
| LEE BENTLEY FARKAS, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S NON-CONFIDENTIAL MEMORANDUM
IN SUPPORT OF ITS MOTION TO SEAL DOCUMENTS**

The United States, through its undersigned counsel, pursuant to Local Rule of Court

49(E) of the Local Criminal Rules of the United States District Court for the Eastern District of

Virginia, asks for an Order sealing the Confidential Memorandum and the documents attached to

the Motion to Seal.

I.    **THE ITEMS TO BE SEALED AND NECESSITY FOR SEALING**

1.    The government asks the Court to seal the Confidential Memorandum and the

documents attached to its Motion to Seal.

2.    Sealing is necessary because premature disclosure of the documents described

above would disclose the direction and focus of the government's ongoing investigation.  The

government has considered procedures other than sealing and none will suffice to protect this

information from disclosure.

## II.   GOVERNING CASE LAW RECOGNIZES THE COURT'S INHERENT POWER TO SEAL MATERIALS

3.    The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing is appropriate where there is a substantial probability that the release of the sealed documents would severely compromise the government's on-going investigation. *See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F. Supp. 366 (D. Kan. 1992).

## III.   THE GOVERNMENT SEEKS TO SEAL THE MATERIALS UNTIL TRIAL IN THIS MATTER COMMENCES

4.    The Confidential Memorandum and documents attached to the Motion to Seal would need to remain sealed until the trial in this matter commences.

WHEREFORE, the United States respectfully requests that this Court issue an order Sealing the Confidential Memorandum and documents attached to the Motion to Seal.

Dated:  June 25, 2010

Respectfully submitted,

Neil H. MacBride
United States Attorney

Charles F. Connolly
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Ph:  703.299.3771
Fax:  703.299.3981
Charles.Connolly@usdoj.gov