IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO: 1:10cr200 (LMB) |
| ) | |
| LEE BENTLEY FARKAS ) | |

## CONFIDENTIALITY STIPULATION AND ORDER

WHEREAS, Defendant Lee Bentley Farkas ("Defendant") has subpoenaed non-party Deloitte LLP in the above-captioned case to produce certain documents;

WHEREAS, Deloitte LLP does not perform professional services and has no documents responsive to the Subpoena;

WHEREAS, Deloitte & Touche LLP ("Deloitte") performed certain professional services for Taylor Bean & Whitaker Mortgage Corporation and, based on the requests in the Subpoena, is the entity to whom the Subpoena should properly have been addressed;

WHEREAS, Deloitte regards the documents requested in the Subpoena and the information contained therein as containing or constituting confidential information, including but not limited to documents constituting (1) trade secret or proprietary information as defined by Fla. Stat. §§ 90.506 and

688.002(4), (2) confidential client information as defined by Fla. Stat. § 90.5055 and Fla. Admin. Code Ann. r. 61-H1-23.001, and/or (3) confidential tax return information as defined by 26 U.S.C. § 7216 and regulations promulgated thereunder;

WHEREAS, the Defendant who has executed this stipulation through counsel has agreed to protect Deloitte's claim to the confidentiality of said documents and information; and

WHEREAS, the United States is not bound by the terms of this Order, but does not object to Deloitte's production of documents to the Defendant and to Defendant's receipt and use of such documents pursuant to the terms of this Order;

NOW, THEREFORE, IT IS STIPULATED, AGREED AND ORDERED AS FOLLOWS:

1) Except as hereinafter provided, the Defendant agrees that the documents produced by Deloitte in the above-captioned case and the information contained therein (collectively, "Confidential Information") shall be held confidential if so designated by Deloitte. The Confidential Information shall not be given, shown, made available, discussed, or otherwise communicated in any form to any person or entity except as authorized herein. The Confidential Information may only be used by persons gaining access to it in accordance with

this Order for purposes necessary to the above-captioned case ("Permitted Purpose"), and not for any business or other purpose. The Confidential Information shall not be produced or disclosed by the Defendant in any proceeding other than the above-captioned case without the entry of a separate confidentiality order.

2) Documents that Deloitte deems to be confidential shall be so designated by clearly marking "CONFIDENTIAL" on each page thereof, or the first page of a multi-page document.

3) In the event that Deloitte inadvertently omits to apply a "CONFIDENTIAL" designation to any Confidential Information at the time it is produced or disclosed, Deloitte shall have the right to so designate such document(s) within a reasonable period of time after the omission comes to Deloitte's attention.

4) If the Defendant objects to the designation of any information as Confidential Information, he shall state clearly the basis for the objection in writing to counsel for Deloitte. Thereafter, the parties shall negotiate in good faith to resolve the objection. If Deloitte and the Defendant are unable to resolve the objection with respect to the designation, the Defendant may move the Court for a ruling that the information is not properly designated. Until an objection to the

designation of information has been resolved by agreement of counsel or by order of the Court, the designated information shall be deemed to be properly designated, and shall be subject to the terms of this Order. In all disputes concerning the proper designation or non-designation of documents, the burden of justifying the claimed level of protection shall be on Deloitte. In all disputes concerning the proper designation or non-designation of documents, the documents in question shall be filed with the Court under seal and the Court's review of the documents shall be conducted *in camera*.

5) Except as otherwise authorized by the Court, the only persons who may be given access to Confidential Information under this Order are the following, and all such access shall be limited to the purposes set forth in Paragraph 1 of this Order:

    a) Defendant's counsel of record, and attorneys, paralegals, and clerical workers employed by such counsel of record;

    b) Any agent or employee of the Defendant;

    c) Expert witnesses or consultants retained by the Defendant;

    d) Any independent court reporter or typist rendering services for recording or transcribing of testimony in the above-

captioned case or any outside independent reproduction firm rendering reproduction services in the above-captioned case;

e) The Court, court employees, or court reporters or jurors in connection with the above-captioned case.

6) Prior to the receipt of Confidential Information, those persons described in Paragraphs 5(a), (b), and (d) to whom Confidential Information is to be disclosed shall sign a copy of the non-disclosure certificate attached hereto as Exhibit "A". Prior to the receipt of Confidential Information, those persons identified in Paragraph 5(c) to whom Confidential Information is to be disclosed shall sign a copy of the non-disclosure certificate attached hereto as Exhibit "B". Counsel for the Defendant representing, retaining or engaging any person described above shall retain a copy of all executed certificates and shall produce such executed certificates if required by the Court for the purpose of determining whether a breach of this Order has occurred.

7) This Stipulation and Order does not affect the rights of Deloitte with respect to Deloitte's documents. The production of Deloitte documents shall not constitute an admission by Deloitte, nor waive Deloitte's rights, with respect to the propriety of their disclosure or their relevance. Nothing in this Stipulation and

Order shall be construed as precluding Deloitte from objecting to any use of protected materials.

8)   A person receiving the Confidential Information shall provide said Confidential Information only to persons to whom disclosure of the Confidential Information is authorized by this Stipulation and only for the purposes authorized herein. The terms of this Order shall be binding on Deloitte, the Defendant, and any other person or party (other than the United States) gaining access to the Confidential Information pursuant to the terms of this Order, as well as their respective counsel, experts, witnesses, consultants, assistants, or otherwise.

9)   In the event it becomes necessary to show any Deloitte documents designated as "Confidential," or to divulge Confidential Information contained therein, to a witness at a deposition, or to a person who is reasonably anticipated to be a witness in the above-captioned case, who is not described in paragraph 3 above, the Confidential Information shall be disclosed to that person only after such person acknowledges, by signing a copy of the non-disclosure certificate attached hereto as Exhibit "A", that he or she has read this Stipulation and agrees to be bound by its terms.

10)   In the event it becomes necessary to file with the Court any portion of any deposition transcript, including attached exhibits, or other discovery,

or any pleadings, memoranda, or other papers which disclose, pertain to, refer to, or incorporate Confidential Information, the Defendant agrees that he will follow the procedures established by the Court for requesting that such documents be sealed and further agrees that Deloitte will be provided notice and an opportunity to be heard in support of such request.

11) This Order does not extend to designation of Confidential Information that may be elicited at any public evidentiary hearing. Deloitte, the Defendant, and/or other interested parties will address all unresolved issues regarding use of Confidential Information to the Court prior to such evidentiary hearing. Any person or party gaining access to Confidential Information pursuant to this Order agrees that prior to filing any Confidential Information with the Court, they will meet and confer with Deloitte and the Defendant in good faith to discuss how to maintain the confidentiality thereof. In the event that the interested parties cannot agree, they will file an appropriate motion with the Court seeking instruction prior to filing any Confidential Information.

12) The designation or non-designation of documents or information pursuant to this Order is for the sole purpose of designating how those documents or information may be used and by whom. Nothing contained in this Order, including exhibits, or any action taken in compliance with it, shall operate

as an admission by any party or otherwise be admissible for any purpose, including without limitation, that any particular document or information is, or is not, information that might enjoy protection under the law. The production of Deloitte documents pursuant to this Order shall not constitute an admission by Deloitte, nor waive Deloitte's rights, with respect to the propriety of their disclosure or their relevance. Moreover, nothing contained in this Order or any action taken in compliance with it, shall prejudice in any way the right of the Defendant or Deloitte to seek, by way of consent from the others, or by application to the Court: (i) additional protection for specific documents or information; and/or (ii) relief from the provisions of this Order with respect to specific items or categories of documents or information or the use of documents or information.

13)   Nothing contained in this Order shall be construed as preventing any counsel from advising their respective clients as to counsel's opinions and conclusions so long as information designated as Confidential Information is not disclosed to persons not properly authorized to receive such information under this Order.

14)   Within 30 days after completion of the Permitted Purpose, the Deloitte documents and all copies thereof, except those which are in the custody of the Court or the United States, shall be returned to Deloitte or destroyed (and

certified by affidavit as having been destroyed) by any party or person in possession thereof.

15) If the Defendant or any other party having access to Confidential Information pursuant to this Order: (a) is subpoenaed in another action; or (b) is served with a demand in another action to which it is a party; or (c) is served with any legal process, seeking any Confidential Information, that party shall give notice to Deloitte within five (5) business days of receipt of such subpoena, demand, or legal process, and shall object to production of Confidential Information to the extent permitted by law. If Deloitte wishes to continue to protect that Confidential Information, it shall promptly seek a protective order or other protection in the separate legal proceeding from which the subpoena, demand, or process issued. Nothing herein shall be construed, however, as requiring the Defendant or other party having access to Confidential Information pursuant to this Order to challenge or appeal any order requiring production of Confidential Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek relief from a court. Absent protection obtained in the separate legal proceeding, this Order does not authorize the Defendant or other party having access to the Confidential

Information pursuant to this Order to refuse to produce documents responsive to a proper subpoena or demand for Confidential Information.

16) Any dispute which arises under this Stipulation and Order, including any effort to contest the designation of Confidential Information as confidential, shall be resolved by motion made before the Court upon not less then ~~20~~ 10 /LMB days' written notice.

17) The provisions of this Stipulation and Order survive the conclusion of this litigation and of the Court's jurisdiction. Any provision of this Stipulation and Order may be modified by order of the Court.

18) This Stipulation and Order shall relate only to the above-captioned case and shall not affect documents or information produced by Deloitte in any other litigation or investigative proceeding.

IT IS SO ORDERED this 14th day of January, 2011.

/s/ Leonie M. Brinkema
United States District Judge

*Counsel signatures on following page:*

CONSENTED TO AND AGREED:

_____
Paul J. Nathanson
Assistant United States Attorney
Eastern District of Virginia
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3700
Facsimile: (703) 299-3981
Email: paul.nathanson@usdoj.gov
*Counsel for United States of America*

_____
James J. Briody
Virginia Bar No. 32128
SUTHERLAND ASBILL &
BRENNAN LLP
1275 Pennsylvania Avenue, N.E.
Washington, D.C. 20004-2415
Telephone: (202) 383-0100
Facsimile: (202) 637-3593
Email: jim.briody@sutherland.com

*Of counsel:*
Amelia Toy Rudolph
Georgia Bar No. 715126
SUTHERLAND ASBILL &
BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
Email: amelia.rudolph@sutherland.com
*Counsel for Deloitte & Touche LLP*

_____
William B. Cummings
Virginia Bar No. 06469
WILLIAM B. CUMMINGS, P.C.
P.O. Box 1177
Alexandria, Virginia 22313
Telephone: (703) 836-7997
Facsimile: (703) 836-0238
Email: wbcpclaw@aol.com
*Counsel for Defendant*

11

## EXHIBIT "A"

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                      ) | Case No. 1:10cr200 (LMB) |
| ) | |
| LEE BENTLEY FARKAS      ) | |

### NON-DISCLOSURE CERTIFICATE

I certify my understanding that access to confidential materials is provided to me pursuant to the terms and restrictions of a Confidentiality Stipulation and Order among the parties to this action and Deloitte & Touche LLP, dated _____, 2011, and that I have been given a copy of, and have read, the Stipulation and Order and agree to be bound by its terms. I understand that the contents of the confidential materials, and any notes or other memoranda or any other forms of information which copy or disclose confidential materials, shall not be disclosed to anyone other than in accordance with that Stipulation and Order and shall be used only for the purposes set forth therein.

2

I agree to be subject to the jurisdiction of this Court for purposes of enforcement of this Non-Disclosure Certificate and the Stipulation and Order.

By: _____

Title: _____

Representing: _____

Date: _____

## EXHIBIT "B"

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:10cr200 (LMB) |
| ) | |
| LEE BENTLEY FARKAS ) | |

### **NON-DISCLOSURE CERTIFICATE**

I certify my understanding that access to confidential materials is provided to me pursuant to the terms and restrictions of a Confidentiality Stipulation and Order among the parties to this action and Deloitte & Touche LLP, dated _____, 2011, and that I have been given a copy of, and have read, the Stipulation and Order and agree to be bound by its terms. I understand that the contents of the confidential materials, and any notes or other memoranda or any other forms of information which copy or disclose confidential materials, shall not be disclosed to anyone other than in accordance with that Stipulation and Order and shall be used only for the purposes set forth therein. I understand that disclosure of this material to anyone in violation of the Stipulation and Order could subject me to a proceeding for contempt of court as a violation of the Order. I will

maintain these materials in confidence and will return these confidential materials to counsel upon the conclusion of this case.

I agree to be subject to the jurisdiction of this Court for purposes of enforcement of this Non-Disclosure Certificate and the Stipulation and Order.

By: _____

Title: _____

Representing: _____

Date: _____

2