FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2011 FEB 16 A 11: 33

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA, )
)
)
)
v. )
) Case Number 1:10-cr-200 (LMB)
LEE BENTLEY FARKAS, )
)
Defendant. )
)
)

## MEMORANDUM IN SUPPORT OF DEUTSCHE BANK SECURITIES, INC.'S MOTION TO QUASH SUBPOENA

On January 19, 2011, Defendant Lee Bentley Farkas moved this Court for an Order directing subpoenas duces tecum to be issued to Deutsche Bank Securities, Inc. ("Deutsche Bank"), as well as four other entities. See Def.'s Mot. for Issuance of Subpoenas Duces Tecum [Docket Entry 115]. On January 20, 2011, this Court granted Defendant's motion, and directed the Clerk of the Court to issue the requested subpoenas. See Jan. 20, 2011 Order [Docket Entry 119]. The Clerk of the Court issued a subpoena to Deutsche Bank ("the Subpoena") later that day.[1] Pursuant to Federal Rule of Criminal Procedure 17(c), Deutsche Bank respectfully submits this Memorandum in support of its Motion to Quash the Subpoena, which is filed contemporaneously herewith.

### INTRODUCTION

In or around February 2009, Taylor, Bean & Whitaker Mortgage Corporation ("TBW") engaged Deutsche Bank to advise it in connection with a potential investment in Colonial Bank. TBW subsequently asked Deutsche Bank to provide financing for this investment, but Deutsche

---

[1] A copy of the Subpoena is attached hereto as Exhibit A.

1

Bank declined to provide such financing.

Defendant's subpoena requires Deutsche Bank to produce all of its documents concerning TBW's potential investment in Colonial Bank. Specifically, the Subpoena seeks:

> In accessible electronic format: (A) all documents pertaining to services provided by DEUTSCHE BANK SECURITIES, INC. to TBW, or work performed by DEUTSCHE BANK SECURITIES, INC. on behalf of TBW, relating to or in connection with a possible investment in and/or acquisition of Colonial Bank.

Exhibit A.

Since receipt of the subpoena, Deutsche Bank's counsel has discussed it with counsel for the government and counsel for Mr. Farkas. Deutsche Bank previously produced to the government pursuant to subpoena extensive documentation on this precise subject. That production covered approximately 56,000 pages, and included both hard copy and electronic documents and email communications. We have been advised by the government that the entirety of that production has in turn been produced to and is available to the defense in a joint database.

In an effort to avoid motion practice over the Farkas subpoena and to facilitate review of the previously produced Deutsche Bank documents, Deutsche Bank has provided counsel for Mr. Farkas with the bates numbers and date range of the earlier Deutsche Bank production. *See* Exhibit B. We anticipate that such a review will result in a withdrawal of the subpoena on Deutsche Bank. If that does not turn out to be the case, Deutsche Bank is filing the instant motion to quash and noticing it with the consent of Mr. Farkas' counsel for hearing on March 4, 2011, if necessary.[2]

---

[2] The Subpoena calls on Deutsche Bank to produce these materials for review on February 28, 2011. Defendant has agreed to continue this deadline to allow for the review of produced materials, and, if necessary, for a hearing on the instant motion on March 4, 2011.

## ARGUMENT

A criminal defendant seeking to enforce a subpoena pursuant to Federal Rule of Criminal Procedure 17(c) must meet a number of requirements. Among other things, he must specify the materials sought, must show that these materials are relevant to his defense and admissible into evidence, and must establish that the materials are not otherwise procurable through the exercise of due diligence. Defendant's request that Deutsche Bank produce all of its documents concerning TBW's possible investment in Colonial Bank fails to meet any of these requirements, and the Court should disallow this impermissible "fishing expedition."

Defendant's subpoena to Deutsche Bank was issued pursuant to Federal Rule of Criminal Procedure 17. That rule permits criminal defendants to use subpoenas to "order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Civ. P. 17(c)(1). Federal Rule of Criminal Procedure 16 governs discovery in criminal cases. Accordingly, while Rule 17(c) grants criminal defendants the use of compulsory process, it "'is not a discovery device.'" *United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) (quoting *United States v. Fowler*, 932 F.2d 306, 311 (4th Cir. 1991)); *see also United States v. Richardson*, 607 F.3d 357, 368 (4th Cir. 2010) ("[T]he subpoena duces tecum is not intended to provide a means of pretrial discovery . . . ."). Rather, Rule 17(c) subpoenas are intended "to expedite the trial by providing a time and place *before* trial for the inspection of subpoenaed materials." *United States v. Nixon*, 418 U.S. 683, 698-99 (1974). To this end, such subpoenas are greatly limited in scope; "introduction of the delay-saving technique in Rule 17(c) clearly was not intended to displace the role of Rule 16 in circumscribing discovery to be allowed in criminal cases." *United States v. Beckford*, 964 F. Supp. 1010, 1022 (E.D. Va. 1997); *see also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) ("It was not intended by Rule 16

3

to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms.").

In *United States v. Nixon*, 418 U.S. 683 (1974), the Supreme Court clarified the limited circumstances in which a party may obtain a Rule 17(c) subpoena. To obtain such a subpoena, the Court held, the party seeking discovery

> must show: (1) that the documents [sought] are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Nixon*, 418 U.S. 683, 699-700 (1974) (footnote omitted); *see also* Fed. R. Civ. P. 17(c)(2) (a court may "quash or modify the subpoena if compliance would be unreasonable or oppressive"). Put simply, the party requesting the subpoena must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Nixon*, 418 U.S. at 700. In this case, Defendant has failed to clear any of them.

I. **The Subpoena Does not Describe the Material Sought with Specificity**

Rule 17(c) subpoenas must "establish with sufficient specificity . . . what the subpoena's materials contain." *United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992). This specificity requirement "is designed to ensure that the use of trial subpoenas is limited to securing the presence at trial of particular documents or sharply defined categories of documents." *United States v. Crosland*, 821 F. Supp. 1123, 1129 (E.D. Va. 1993). Without this constraint, "such subpoenas could be utilized for the type of discovery-oriented document requests decried as 'fishing expeditions,' and expressly prohibited by the Supreme Court." *Id.* It is insufficient, then, for a defendant merely to demonstrate why he wants to look into the materials, thus "forcing the court to speculate as to the specific nature of their contents and its relevance."

4

*Arditti*, 955 F.2d at 346. Nor can one simply offer "'the title of a document and conjecture as to its contents.'" *United States v. Hardy*, 224 F.3d 752, 755 (8th Cir. 2000) (quoting *Arditti*, 955 F.2d at 346).

Yet Defendant has failed even to do this. He has not identified any specific materials that he believes contain exculpatory evidence, much less described their contents. Rather, his subpoena to Deutsche Bank seeks, without limitation, all documents pertaining to work relating to TBW's possible investment in Colonial Bank. A request for all documents relating to a specific transaction – like Defendant's in this case – is "not limited to 'particular' documents or 'categories' of documents – it is everything." *United States v. Williams*, 2010 U.S. Dist. LEXIS 129431, at *7 (E.D. Va. 2010). Accordingly, such a request is "perhaps a paradigmatic example of a 'fishing expedition,'" and "must be quashed as insufficiently specific under the *Nixon* test." *Id.*; *see also Richardson*, 607 F.3d at 368 (a subpoena requesting all documents supporting a legal theory is "merely fishing for evidence"); *United States v. McDonald*, 2010 U.S. Dist. LEXIS 41090, at *9-11 (E.D. Va. 2010) (quashing as insufficiently specific a subpoena that requested "any and all" materials relating to a specific individual). Indeed, it is difficult to imagine a subpoena request much less specific than this.[3]

Moreover, given the subpoena's lack of specificity, it would be unduly burdensome on Deutsche Bank to require it to find and produce such a broad category of documents.

## II. The Subpoena Does Not Seek Relevant Material

Not only has Defendant failed to specify the documents he seeks, but he also has not

---

[3] To the extent Defendant may protest that he cannot specifically identify documents that he does not possess, his complaint is not well taken. "Because a criminal trial subpoena is designed as a means of providing compulsory process for obtaining specific, identifiable documents, there is no unfairness in requiring the party issuing such a subpoena to detail, with substantial specificity, precisely what documents it seeks and why, if it is not readily apparent, those documents would be relevant and admissible at trial." *Crosland*, 821 F. Supp. at 1129.

established that the materials he requests are relevant to his defense. The entirety of Defendant's argument as to the relevance of the documents sought is that, "during his review of the documents selected by the government for disclosure, counsel for Mr. Farkas has become aware that there are significant amounts of information not included in the disclosures, and that those omissions contain exculpatory material that would support the theory of Mr. Farkas's defense." Def.'s Mem. in Supp. of Mot. for Issuance of Subpoenas Duces Tecum ("Def.'s Mem.") [Docket Number 116], at 2. It is on this cryptic basis alone that Defendant seeks all of Deutsche Bank's documents pertaining to TBW's possible investment in Colonial Bank. Surely *Nixon*'s relevancy prong requires more than a defendant's conclusory statement that the materials he seeks are exculpatory. Yet this vague and unsubstantiated representation – not nearly enough for the Court to gauge the relevancy of the requested documents – is all that Defendant has offered here.

If Defendant's counsel has, as he says, discovered specific exculpatory information missing from the government's disclosures, then he should be able to identify particular categories of documents that he seeks. It is inexplicable, then, that Defendant has not described, in even a cursory manner, the specific materials he wants or their relevance to his defense. To the contrary, Defendant's single reference to exculpatory materials provides the basis for five extremely broad subpoenas. Given this, it is difficult but to draw the conclusion that Defendant "can only speculate as to what the requested information would [show]." *Caro*, 597 F.3d at 619-620. This is insufficient: "the hope of obtaining favorable evidence does not justify the issuance of such a [Rule 17(c)] subpoena." *Id.* at 620.[4]

---

[4] Nor has Defendant provided any reason to believe that the materials he seeks are admissible. It is Defendant's burden to establish admissibility, *see Nixon*, 418 U.S. at 700, but he has offered no description of what the supposedly exculpatory documents are, or what information they contain. There is, therefore, no basis on which the Court may evaluate whether this material is likely to be accepted into evidence.

6

### III. Defendant Has Already Been Provided with the Materials He Seeks

This Court should also quash the Subpoena because Defendant has not established that the materials he seeks "are not otherwise procurable reasonably in advance of trial by exercise of due diligence." *Nixon*, 418 U.S. at 699-700. As noted above, Deutsche Bank has previously produced to the government extensive documentation relating to TBW's possible financing of an investment in Colonial Bank. All of these materials have been provided to the Defendant by the government. Given the volume and scope of that production, Deutsche Bank does not believe that Mr. Farkas, after review of that production, will have any basis for a valid Rule 17 subpoena, and the instant subpoena will be withdrawn. If it is not withdrawn, it should be quashed for the reasons stated above.

### CONCLUSION

Defendant's subpoena to Deutsche Bank does not identify the materials it seeks with any specificity, but rather calls for all materials relating to TBW's possible investment in Colonial Bank. Nor does Defendant's unsupported statement that there exist exculpatory materials establish the relevance or admissibility of the documents he requests. Finally, Defendant has already received the documents he seeks from the government, and any omissions in that production should be addressed first to the government, and not to a non-party to this action. For these reasons, the Court should disallow the impermissible fishing expedition on which Defendant has embarked.

Date: February 15, 2011

WILLIAMS & CONNOLLY LLP

By: _____
William E. McDaniels
Stephen P. Sorensen
Virginia Bar No. 47896

725 12th Street, NW
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)

*Counsel for Deutsche Bank Securities, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2011, I filed the foregoing with the Clerk of the Court. Notification of this filing will be sent through the Court's CM/ECF system to the following:

William Bruce Cummings
William B Cummings PC
P.O. Box 1177
Alexandria, VA 22313
(703) 836-7997
wbcpclaw@aol.com

Charles Connolly
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
(703) 299-3700
charles.connolly@usdoj.gov

Bradfute Warwick Davenport , Jr.
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
(804) 697-1311
brad.davenport@troutmansanders.com

Karen Ledbetter Taylor
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
(703) 299-3700
Karen.Taylor2@usdoj.gov

Paul Nathanson
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
paul.nathanson@usdoj.gov

Stephen P. Sorensen
Virginia Bar No. 47896
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)
*Counsel for Deutsche Bank Securities, Inc.*

# EXHIBIT A

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 1:10cr200 (LMB) |
| LEE BENTLEY FARKAS | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: DEUTSCHE BANK SECURITIES, INC.
Registered Agent: CT CORPORATION SYSTEM
4701 Cox Road, Suite 301
Glen Allen, VA 23060-6802

YOU ARE COMMANDED to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: WILLIAM B. CUMMINGS, P.C. 111 South Fairfax Street, 2nd Floor Alexandria, VA 22314 | Courtroom No.: N/A |
|---|---|
| | Date and Time: 02/28/2011 4:00 pm |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
In accessible electronic format: (A) all documents pertaining to services provided by DEUTSCHE BANK SECURITIES, INC. to TBW, or work performed by DEUTSCHE BANK SECURITIES, INC. on behalf of TBW, relating to or in connection with a possible investment in and/or acquisition of Colonial Bank.

(SEAL)

Date: 1/20/11

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* LEE BENTLEY FARKAS
_____, who requests this subpoena, are:

William B. Cummings, Esquire
WILLIAM B. CUMMINGS, P.C.
Post Office Box 1177
Alexandria, VA 22313
wbcpclaw@aol.com
(703) 836-7997

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No. 1:10cr200 (LMB)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT B

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

WILLIAM E. MCDANIELS
(202) 434-5055
wmcdaniels@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 14, 2011

<u>Via Electronic Mail [wbcpclaw@aol.com]</u>

William B. Cummings, Esq.
William B. Cummings, P.C.
P.O. Box 1177
Richmond, VA 22313

      Re: United States v. Lee Bentley Farkas
          Case Number 1:10-CR200 (LMB)

Dear Bill:

      This is to confirm our conversation today with respect to Mr. Farkas' subpoena to Deutsche Bank. I agreed to provide you with the bates numbers of Deutsche Bank's extensive production of documents to the government, a production that covers the precise subject of your subpoena. The bates number go from DB SEC0000001 to 0056087 and cover the period February 1, 2009 to April 30, 2009. We have been advised by government counsel that the entirety of that production has been produced to the defense. You agreed to have your team review these documents to see if that review will moot the subpoena. We also agreed that Deutsche Bank does not need to produce any material by February 28, 2011, but, in the event you continue to press the subpoena, we should file a motion to quash, which we will do, noticing it as agreed for hearing Friday, March 4, 2011.

      It was good to speak with you again today. If I have misstated anything, please advise.

                          Regards,

                          Bill

                        William E. McDaniels