IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 1:10-CR-200-LMB |
| LEE BENTLEY FARKAS, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**GOVERNMENT'S TRIAL BRIEF REGARDING CRIMINAL FORFEITURE**

COMES NOW the United States, by and through its undersigned attorneys, and submits this brief in support of the criminal forfeiture allegations contained in the Indictment.

**Procedural Background**

On June 15, 2010, a grand jury returned the sixteen-count Indictment against Lee Bentley Farkas ("the Defendant") charging one count of conspiracy in violation of 18 U.S.C. § 1349, six counts of bank fraud in violation of 18 U.S.C. §§ 2 and 1344, six counts of wire fraud in violation of 18 U.S.C. §§ 2 and 1349, and three counts of securities fraud in violation of 18 U.S.C. §§ 2 and 1348. The Indictment includes a forfeiture allegation, providing notice to the Defendant that a conviction on certain charges would require forfeiture of certain assets. Specifically, the United States provided notice that, pursuant to 18 U.S.C. § 982(a)(2)(A) and 18 U.S.C. § 981(a)(1)(C) as applied to criminal cases under 28 U.S.C. § 2461, it would seek forfeiture of any property constituting or derived from proceeds traceable to certain offenses of

conviction.[1] The Indictment states that such proceeds include a sum of money equal to at least $22,000,000, representing the amount of proceeds received by the Defendant and his co-conspirators as a result of the offenses charged. The Indictment also provides notice that, if necessary, the United States would seek forfeiture of substitute assets pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c). Trial is scheduled to being on April 4, 2011, and the Defendant has requested that a jury determine the forfeiture issues. However, because the indictment seeks a money judgment for forfeiture, and forfeiture of specifically identified substitute assets, the Defendant is not entitled to a jury trial on the forfeiture matters.

**Statutory Grounds for Forfeiture**

Under 18 U.S.C. § 982(a)(2)(A), forfeiture is a mandatory element of the sentence for violations of 18 U.S.C. §§ 1343 and 1344 affecting a financial institution, which are the offenses with which the Defendant is charged. Forfeiture of the proceeds of any violation of 18 U.S.C. §§ 1343 and 1344 is also mandatory because 28 U.S.C. § 2461(c) extends mandatory forfeiture to all criminal cases where civil forfeiture is authorized by statute. The proceeds of violations of, and conspiracies to violate, 18 U.S.C. §§ 1343 and 1344 are civilly forfeitable under 18 U.S.C. § 981(a)(1)(C), either directly or as the proceeds of specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1), and must, therefore, be forfeited as part of a criminal sentence for such violations. Thus, the court must include forfeiture as part of the Defendant's sentence.

**I.      Procedures for Obtaining an Order of Forfeiture**

Under 18 U.S.C. § 982(b)(1), the procedures for criminal forfeiture of property is governed by 21 U.S.C. § 853, and additional procedures are provided for in Federal Rule of

---

[1] The Indictment also provides notice to the Defendant that he must forfeit the proceeds of securities fraud in violation of 18 U.S.C. §§ 1348 and 1349. However, at this time neither statute provides a basis for criminal forfeiture, and the United States will not seek forfeiture based on these offenses.

2

Criminal Procedure 32.2. A forfeiture notice must be included in the indictment or information, sufficiently providing notice to the defendant of the United States' intention to seek forfeiture as part of the sentence, which has been accomplished in this case. Fed. R. Crim. P. 32.2(a). Neither specific assets subject to forfeiture nor the amount of an anticipated money judgment need be listed in the indictment. Fed.R.Crim.P. 32.2(a); *United States v. Poulin*, 690 F. Supp. 2d 415, 423–24 (E.D. Va. 2010). However, in this case, the prosecution noted that it will seek forfeiture of at least $22,000,000 as the proceeds of the frauds charged against the Defendant. The United States is not required to list potential substitute assets in the indictment, and if such a list is included, as is the case here, the United States may seek additional substitute assets not listed. *United States v. Bollin*, 264 F.3d 391, 422 n.21 (4th Cir. 2001).

A jury is required for a forfeiture determination only if specific assets are identified as directly forfeitable, not as substitute assets. Fed. R. Crim. P. 32.2(b)(5). In such a case, a party may request that the jury determine whether the prosecution has proven a sufficient nexus between property and the underlying offense of conviction alleged to support the forfeiture. *Id.* Prior to the jury beginning deliberation on guilt, the district court must determine whether any party desires to retain the jury for the forfeiture phase. *Id.* If a party is entitled to and requests that the jury hear forfeiture, the trial will be bifurcated into guilt and forfeiture phases. Fed. R. Crim. P. 32.2(b)(1).

However, because, as in this case, a requested money judgment does not involve specifically identifiable property as directly forfeitable, the parties are not entitled to have the jury determine forfeiture. Fed. R. Crim. P. 32.2(b)(5); *United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005). It is the district court's role to determine whether and to what extent a defendant obtained criminal proceeds resulting from the offenses of conviction. The court will

3

make that determination based upon evidence already in the record, and any additional evidence submitted by the parties and any party may request a hearing on the forfeiture following the verdict. Fed. R. Crim. P. 32.2(b)(1)(B). The court will, then, enter a money judgment in an amount representing the proven proceeds of the crime. Fed. R. Crim. P. 32.2(b)(2)(A); *Poulin*, 690 F. Supp. 2d at 420. In addition, the court may, at that time, enter an order forfeiting any identified substitute assets to satisfy the money judgment, as soon as is practical after the verdict. Fed. R. Crim. P. 32.2(b)(1)(A) and (e)(1)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(a). To the extent that a preliminary order of forfeiture is a personal money judgment, publication of that order and any ancillary proceeding on the forfeiture is not required. Fed. R. Crim. P. 32.2(b)(6) and (c)(1).

The procedure for establishing the forfeitability of substitute assets is set forth at 21 U.S.C. § 853(p). Following the entry of a money judgment forfeiture, if the prosecution shows that the proceeds of the crime cannot be located upon the exercise of due diligence or were commingled with other property which cannot be divided without difficulty, the court will enter an order forfeiting "any other property of the defendant, up to the value of" the criminal proceeds. 21 U.S.C. § 853(p). This order will be published and served on any third parties with a known potential interest in the substitute property, and third parties are entitled to file petitions claiming an interest in the property, which will then be heard pursuant to the ancillary proceeding procedures contained at Fed. R. Crim. P. 32.2(c). Fed. R. Crim. P. 32.2(e)(2).

## II. The Defendant Is Not Entitled to a Jury Determination of Forfeiture.

As noted, forfeiture must be ordered as a part of the Defendant's sentence. 28 U.S.C. § 2461(c); *United States v. Jalaram, Inc.*, 599 F.3d 347, 351 n.3 (4th Cir. 2010). If directly

traceable proceeds of an offense are not available, forfeiture of substitute assets is also mandatory. 21 U.S.C. § 853(p); *United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006).

Thus, the only subject of inquiry is the identification of property which is subject to forfeiture. A criminal forfeiture order may forfeit specific properties that are directly forfeitable as proceeds of or property facilitating or involved in a crime, it may be a money judgment for the amount of proceeds received from an offense, or it may be for substitute assets. *United States v. Candelaria-Silva*, 166 F.3d 19, 42 (1st Cir. 1999); *United States v. Davis*, 177 F. Supp. 2d 470, 484 (E.D. Va. 2001) (following *Candelaria-Silva*). A money judgment forfeiture is measured by the sum of money equal to the proceeds the defendant obtained from the offenses of conviction, even if those proceeds are no longer available at the time of sentencing. *United States v. Amend*, 791 F.2d 1120, 1127 n.6 (4th Cir. 1986) *United States v. Vampire Nation*, 451 F.3d 189, 201–202 (3rd Cir. 2006). This is consistent with 21 U.S.C. § 853(o), which requires that the section be liberally construed to effect its remedial purposes and prevents a defendant from avoiding forfeiture by spending or distributing his or her criminal gains. *Amend*, 791 F.2d at 1127 n.6; *Vampire Nation*, 451 F.3d at 201-202.

As previously noted, the United States will seek a money judgment if the Defendant has commingled proceeds with other funds, or if the proceeds cannot be located upon the exercise of due diligence. In such a case, as here, there is no criminal nexus or connection to forfeitable property for the jury to determine. *United States v. Roberts*, 631 F. Supp. 2d 233, 225–26 (E.D.N.Y. 2009) ("since the government is seeking a criminal forfeiture money judgment, there is no nexus determination to be made by the jury, and, therefore, defendant's request for a jury verdict on forfeiture is denied."); *United States v. Warshak*, 631 F.3d 266, 330 (6th Cir. 2010) (jury determined forfeitability of specific assets while the amount of the money judgment was

determined without the jury at a separate trial); *see also United States v. Tedder*, 406 F.3d 836, 841 (7th Cir. 2005) (Rule 32.2(b)(4) does not give a defendant the right to have a jury determine the amount of a money judgment).

The amount of a forfeiture money judgment must be established by a preponderance of the evidence. *United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010); *United States v. Cherry*, 330 F3.d 658, 669 (4th Cir. 2003). "The court's determination may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable," and credible hearsay may be used to determine property subject to forfeiture. Fed. R. Crim. P. 32.2(b)(1)(B); *Poulin*, 690 F. Supp. 2d at 421; *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 709 n.1 (E.D. Va. 2005).

In this case, the Indictment contains a non-exclusive list of properties named for forfeiture as substitute assets. The court, not the jury, will order the forfeiture of these assets if the United States establishes that, due to the acts or omissions of the Defendant, the proceeds of any crimes on which he is convicted (A) cannot be located despite the exercise of due diligence; (B) have been transferred, sold, or deposited with a third party; (C) are beyond the jurisdiction of the court; (D) have a substantially diminished value; or (E) have been commingled with other property. 21 U.S.C. § 853(p); *Alamoudi*, 452 F.3d at 314; *Ivanchukov*, 405 F. Supp. 2d at 713.

In this circuit, the interest of the United States vests in substitute assets at the time of the commission of offense. *United States v. McHan*, 345 F.3d 262, 271 (4th Cir. 2003). As previously noted, if the assets are claimed by a third party, that party must show in an ancillary proceeding that s/he is not a mere nominee and that s/he was a bona fide purchaser for value who was reasonably without cause to believe that the property was forfeitable at the time of the transfer in order to defeat the forfeiture. *In re Bryson*, 406 F.3d 284, 290–91 (4th Cir. 2005).

**Conclusion**

For the reasons stated in this Trial Memorandum, the United States opposes the Defendant's request that the jury determine the forfeiture issues in this case. The Court is the appropriate adjudicator to determine: (1) the amount of any forfeiture money judgment representing the proceeds generated by any offenses on which the Defendant may be convicted; and (2) the forfeitability of any substitute assets belonging to the Defendant. Third parties will have an opportunity to present their claims in regard to any assets ordered forfeited by this Court. Thus, the United States requests that the Court deny the Defendant's request.

    Respectfully submitted,
Neil H. MacBride
United States Attorney

By:       /s/
Charles F. Connolly
Paul J. Nathanson
Assistant United States Attorney
Eastern District of Virginia
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Ph: 703.299.3700
Fax: 703.299.3981
Charles.Connolly@usdoj.gov


Denis J. McInerney
United States Department of Justice
Chief, Criminal Division, Fraud Section

By:       /s/
Patrick F. Stokes, Deputy Chief
Robert A. Zink, Trial Attorney
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20005
Ph: 202.305.4232
Fax: 202.514.7021
Patrick.stokes2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of April, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record in this case:

> William Bruce Cummings
> William B. Cummings P.C.
> P.O. Box 1177
> Alexandria, Virginia 22313
> Ph: 703-836-7997
> wbcpclaw@aol.com

                                                  /s/
                                      Paul J. Nathanson
                                      Assistant United States Attorney
                                      Eastern District of Virginia
                                      U.S. Attorney's Office
                                      2100 Jamieson Avenue
                                      Alexandria, VA 22314
                                      Ph: 703.299.3700
                                      Fax: 703.299.3981
                                      Paul.Nathanson@usdoj.gov