# JUNE 30, 2011 FORFEITURE HEARING

## Lee Farkas Bench Book

1

## United States of America v. Lee Bentley Farkas
## 1:10-CR-200-LMB

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA
JUN 3 0 2011

# Requested Money Judgment

2

A:    $19,869,097.47 Due From Shareholder Accounts

B:    $15,000,000.00 Paydown of Due From Shareholder Account

C:    $7,330,500.00 Fraudulent Loans

**TOTAL:    $42,199,597.47**

# Government's Burden



- 18 U.S.C. § 982 (2):  "The Court…shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation." (Tab 1)

- Section (2) refers to "proceeds the person obtained" whereas other sections refer to "gross proceeds" or simply "proceeds"

# Government's Burden, Ctd.

4

- "[T]he United States must establish the nexus between the offense and the property subject to forfeiture by a preponderance of the evidence. *United States v. Herder*,594 F.3d 352, 364 (4th Cir. 2010).  In this case, the United States must show that the Defendant's wire and bank fraud led to the Defendant's obtaining proceeds in a certain amount, and that amount is then the amount of the money judgment."  United States' Motion for Prelim. Order, p. 4.

# TBW Operations Prior to December 2003



- "Plan B" scheme alleged to have begun in December 2003

- Audited financials as of April 30, 2003:
  - $13,834,000.00 retained earnings
  - $36,046,000.00 total stockholder equity
  - $7,562,000.00 "various related party notes receivable"
  - $964,000.00 due to related parties

# TBW Cash Flow from Legitimate Operations 2002 - 2009

6

1. Mortgage servicing revenue

2. Interest income

3. Loan sale revenue

# A.  $19,869,097.47 Due From Shareholder



- Government requests final amounts Farkas "owed" TBW when TBW ceased operations

- Not traced to receipt of any funds from Colonial Bank or Ocala Funding

- Multitude of Reclassifications, Transfers and Other Entries not supported by any evidence or testimony from TBW accounting staff

- Review of General Ledger entries demonstrate fallacy of Government position (Tab 2)

# B. $15,000,000.00 "Paydown"



- Farkas borrows $33,000,000.00 from Colonial to repurchase warrants from RLI

- Later, Farkas repays $33,000,000.00 in full with loan from hedge fund

- $15,000,000 paydown of due from shareholder related to this larger transaction

- Evidence uncontroverted that $15,000,000 returned within 24 hours (Tabs 3-5)

# C. $7,330,500.00 Fraudulent Loans



- Gov't Ex. 19-124 (Tab 6) shows loan dates beginning in October, 2003

- Inclusion of loans on collateral spreadsheets submitted to Colonial Bank in 2009 did not result in Farkas obtaining any additional funds from Colonial Bank

# Substitute Assets - Government's Burden



- 21 U.S.C. § 853(p) (Tab 7)

  If any property, "as a result of any act or omission of the defendant– (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party;... or (E) has been commingled with other property which cannot be divided without difficulty...the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E)..."

# Substitute Assets – Properties Identified



- 13 real properties with estimated value of $5,806,533.00

- 1 note with estimated value of $190,000.00

- 11 autos with estimated value of $440,500.00

**TOTAL:   $6,437,033.00**

# Farkas Homestead



- # 480 SW 87th Place, Ocala, FL  34476
  - Primary residence well before 2002
  - Sold with permission of Court with proceeds reinvested in 2301 Solar Plaza Drive, Ft. Lauderdale, FL and 1222 SE 7th Street, Ocala, FL

# Stay Pending Appeal

13

- Fed. R. Crim. P. 32.3(d) (Tab 8)

> "If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review."

# The End



KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

United States Code Annotated

Title 18. Crimes and Criminal Procedure (Refs & Annos)

Part I. Crimes (Refs & Annos)

Chapter 46. Forfeiture (Refs & Annos)

18 U.S.C.A. § 982

§ 982. Criminal forfeiture

Effective: December 26, 2007
Currentness

(a)(1) The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

(2) The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate--

(A) section 215, 656, 657, 1005, 1006, 1007, 1014, 1341, 1343, or 1344 of this title, affecting a financial institution, or

(B) section 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 842, 844, 1028, 1029, or 1030 of this title,

shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

(3) The court, in imposing a sentence on a person convicted of an offense under--

(A) section 666(a)(1) (relating to Federal program fraud);

(B) section 1001 (relating to fraud and false statements);

(C) section 1031 (relating to major fraud against the United States);

(D) section 1032 (relating to concealment of assets from conservator, receiver, or liquidating agent of insured financial institution);

(E) section 1341 (relating to mail fraud); or

(F) section 1343 (relating to wire fraud),

involving the sale of assets acquired or held by the Resolution Trust Corporation, the Federal Deposit Insurance Corporation, as conservator or receiver for a financial institution or any other conservator for a financial institution appointed by the Office of the Comptroller of the Currency or the Office of Thrift Supervision, or the National Credit Union Administration, as conservator or liquidating agent for a financial institution, shall order that the

person forfeit to the United States any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such violation.

(4) With respect to an offense listed in subsection (a)(3) committed for the purpose of executing or attempting to execute any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent statements, pretenses, representations, or promises, the gross receipts of such an offense shall include any property, real or personal, tangible or intangible, which is obtained, directly or indirectly, as a result of such offense.

(5) The court, in imposing sentence on a person convicted of a violation or conspiracy to violate--

   (A) section 511 (altering or removing motor vehicle identification numbers);

   (B) section 553 (importing or exporting stolen motor vehicles);

   (C) section 2119 (armed robbery of automobiles);

   (D) section 2312 (transporting stolen motor vehicles in interstate commerce); or

   (E) section 2313 (possessing or selling a stolen motor vehicle that has moved in interstate commerce);
shall order that the person forfeit to the United States any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such violation.

(6)(A) The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 274(a), 274A(a)(1), or 274A(a)(2) of the Immigration and Nationality Act or section 555, 1425, 1426, 1427, 1541, 1542, 1543, 1544, or 1546 of this title, or a violation of, or conspiracy to violate, section 1028 of this title if committed in connection with passport or visa issuance or use, shall order that the person forfeit to the United States, regardless of any provision of State law--

   (i) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the person is convicted; and

   (ii) any property real or personal--

      (I) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or

      (II) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.

(B) The court, in imposing sentence on a person described in subparagraph (A), shall order that the person forfeit to the United States all property described in that subparagraph.

(7) The court, in imposing sentence on a person convicted of a Federal health care offense, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

(8) The court, in sentencing a defendant convicted of an offense under section 1028, 1029, 1341, 1342, 1343, or 1344, or of a conspiracy to commit such an offense, if the offense involves telemarketing (as that term is defined in section 2325), shall order that the defendant forfeit to the United States any real or personal property--

   (A) used or intended to be used to commit, to facilitate, or to promote the commission of such offense; and

   (B) constituting, derived from, or traceable to the gross proceeds that the defendant obtained directly or indirectly as a result of the offense.

(b)(1) The forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by the provisions of section 413 (other than subsection (d) of that section) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 853).

(2) The substitution of assets provisions of subsection 413(p) shall not be used to order a defendant to forfeit assets in place of the actual property laundered where such defendant acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000 or more in any twelve month period.

### Credits

(Added Pub.L. 99-570, Title I, § 1366(a), Oct. 27, 1986, 100 Stat. 3707-39, and amended Pub.L. 100-690, Title VI, §§ 6463(c), 6464, Nov. 18, 1988, 102 Stat. 4374, 4375; Pub.L. 101-73, Title IX, § 963(c), Aug. 9, 1989, 103 Stat. 504; Pub.L. 101-647, Title XIV, §§ 1401, 1403, Title XXV, § 2525(b), Nov. 29, 1990, 104 Stat. 4835, 4874; Pub.L. 102-393, Title VI, § 638(e), Oct. 6, 1992, 106 Stat. 1788; Pub.L. 102-519, Title I, § 104(b), Oct. 25, 1992, 106 Stat. 3385; Pub.L. 102-550, Title XV, § 1512(c), Oct. 28, 1992, 106 Stat. 4058; Pub.L. 103-322, Title XXXIII, § 330011(s)(1), Sept. 13, 1994, 108 Stat. 2145; Pub.L. 104-191, Title II, § 249(n), (b), Aug. 21, 1996, 110 Stat. 2020; Pub.L. 104-208, Div. C, Title II, § 217, Sept. 30, 1996, 110 Stat. 3009-573; Pub.L. 105-184, § 2, June 23, 1998, 112 Stat. 520; Pub.L. 105-318, § 6(a), Oct. 30, 1998, 112 Stat. 3010; Pub.L. 106-185, § 18(b), Apr. 25, 2000, 114 Stat. 223; Pub.L. 107-56, Title III, § 372(b)(2), Oct. 26, 2001, 115 Stat. 339; Pub.L. 107-273, Div. B, Title IV, § 4002(b)(10), Nov. 2, 2002, 116 Stat. 1808; Pub.L. 109-295, Title V, § 551(c), Oct. 4, 2006, 120 Stat. 1390; Pub.L. 110-161, Div. E, Title V, § 553(b), Dec. 26, 2007, 121 Stat. 2082.)

Editors' Notes

### AMENDMENT OF SUBSEC. (A)(3)

<Pub.L. 111-203, Title III, §§ 351, 377(4), July 21, 2010, 124 Stat. 1546, 1569, provided that, effective on the transfer date [see 12 U.S.C.A. § 5411 for definition of "transfer date"], subsec. (a)(3) is amended-->

<(A) by striking "Resolution Trust Corporation,"; and>

<(B) by striking "or the Office of Thrift Supervision".>

Notes of Decisions (83)

Current through P.L. 112-17 approved 6-1-11

End of Document                              © 2011 Thomson Reuters. No claim to original U.S. Government Works.

Next

Date: Monday, June 06, 2011
Time: 12:55PM
User: SYSADMIN

Page: 1 of 9
Report: 01620.rpt
Company: TBWMC

**Taylor Bean & Whitaker**
**Detail General Ledger - Standard**
Periods: 01-03 Through 05-10 As of: 5/27/2011    Ledger ID:    ACTUAL

| Jrnl Type | Tran Type | Bat Nbr | Ext Ref / Loan Nbr | Reference Nbr | Tran Date | Tran Description | Beginning Balance | Debit Amount | Credit Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| Acct: | 20750 | | | Due From 3201 (MOSAW) | | Sub:   00-00000-0000000000      Default | | | | |
| | | | | | Period | 01-03   Total | 355,873.06 | 0.00 | 0.00 | 355,873.06 |
| | | | | | Period | 02-03   Total | 355,873.06 | 0.00 | 0.00 | 355,873.06 |
| | | | | | Period | 03-03   Total | 355,873.06 | 0.00 | 0.00 | 355,873.06 |
| | | | | | Period | 04-03   Total | 355,873.06 | 0.00 | 0.00 | 355,873.06 |
| | | | | | Period | 05-03   Total | 355,873.06 | 0.00 | 0.00 | 355,873.06 |
| | | | | | Period | 06-03   Total | 355,873.06 | 0.00 | 0.00 | 355,873.06 |
| ^ GJ | GL | 010661 | | INT ACC | 11/30/2002 | Interest Accrual | | 61,525.98 | 0.00 | |
| | | | | | Period | 07-03   Total | 355,873.06 | 61,525.98 | 0.00 | 417,399.04 |
| ^ GJ | GL | 010688 | | 12/30 | 12/30/2002 | dep Mosaw repaymnt | | 0.00 | 30,000.00 | |
| ^ GJ | GL | 011071 | | 12/31/02 | 12/31/2002 | Interest 12/02 | | 2,744.54 | 0.00 | |
| | | | | | Period | 08-03   Total | 417,399.04 | 2,744.54 | 30,000.00 | 390,143.58 |
| ^ GJ | GL | 011124 | | 1/31/03 | 1/31/2003 | Interest 1/03 | | 2,650.84 | 0.00 | |
| | | | | | Period | 09-03   Total | 390,143.58 | 2,650.84 | 0.00 | 392,794.42 |
| ^ GJ | GL | 011575 | | 2/28/03 | 2/28/2003 | Interest 2/03 | | 2,668.85 | 0.00 | |
| | | | | | Period | 10-03   Total | 392,794.42 | 2,668.85 | 0.00 | 395,463.27 |
| ^ GJ | GL | 012052 | | 3/31/03 | 3/31/2003 | adj to schedule | | 2,426.95 | 0.00 | |
| | | | | | Period | 11-03   Total | 395,463.27 | 2,426.95 | 0.00 | 397,890.22 |
| ^ GJ | GL | 012503 | | 4/30/03 | 4/30/2003 | Adj to schedule | | 2,703.47 | 0.00 | |
| | | | | | Period | 12-03   Total | 397,890.22 | 2,703.47 | 0.00 | 400,593.69 |
| ^ GJ | GL | 013331 | | 5/31/03 | 5/31/2003 | adj to schedule | | 2,634.04 | 0.00 | |
| | | | | | Period | 01-04   Total | 400,593.69 | 2,634.04 | 0.00 | 403,227.73 |
| ^ GJ | GL | 013521 | | 6/30/03 | 6/30/2003 | adj to schedule | | 2,739.74 | 0.00 | |
| | | | | | Period | 02-04   Total | 403,227.73 | 2,739.74 | 0.00 | 405,967.47 |
| ^ GJ | GL | 013918 | | 7/31/03 | 7/31/2003 | adj to schedule | | 2,669.38 | 0.00 | |
| | | | | | Period | 03-04   Total | 405,967.47 | 2,669.38 | 0.00 | 408,636.85 |
| ^ GJ | GL | 014401 | | 8/31/03 | 8/31/2003 | mo entry | | 2,776.49 | 0.00 | |
| | | | | | Period | 04-04   Total | 408,636.85 | 2,776.49 | 0.00 | 411,413.34 |
| ^ GJ | GL | 014759 | | 9/30/03 | 9/30/2003 | Mo entry | | 2,795.36 | 0.00 | |
| | | | | | Period | 05-04   Total | 411,413.34 | 2,795.36 | 0.00 | 414,208.70 |
| ^ GJ | GL | 015171 | | SEE OCT NK | 11/5/2003 | SEE OCT NOTEBOOK SECTION H | | 2,723.56 | 0.00 | |

| Date: | Monday, June 06, 2011 | | | | | **Taylor Bean & Whitaker** | | | Page: | 2 of 9 |
| Time: | 12 55PM | | | | | **Detail General Ledger - Standard** | | | Report: | 01620.rpt |
| User: | SYSADMIN | | | | | Periods: 01-03 Through 05-10 As of: 5/27/2011   Ledger ID:   ACTUAL | | | Company: | TBWMC |

| Jml Type | Tran Type | Bat Nbr | Ext Ref / Loan Nbr | Reference Nbr | Tran Date | Tran Description | Beginning Balance | Debit Amount | Credit Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Period** | 06-04 | **Total** | 414,208.70 | 2,723.56 | 0.00 | 416,932.26 |
| ^ GJ | GL | 015460 | | SEE NOV NB | 12/2/2003 | SEE NOV NOTEBOOK SECT H | | 2,832.85 | 0.00 | |
| AP | VO | 125399 | 10-25-3 stmt | 320323 | 11/7/2003 | James Moore #600658 1 | | 150.00 | 0.00 | |
| | | | | | **Period** | 07-04 | **Total** | 416,932.26 | 2,982.85 | 0.00 | 419,915.11 |
| ^ GJ | GL | 015887 | | SEE DEC NB | 1/7/2004 | SEE DEC NOTEBOOK H-10 | | 2,761.09 | 0.00 | |
| | | | | | **Period** | 08-04 | **Total** | 419,915.11 | 2,761.09 | 0.00 | 422,676.20 |
| ^ GJ | GL | 016210 | | SEE JAN NK | 2/4/2004 | SEE JAN NOTE BOOK H-11 | | 2,871.88 | 0.00 | |
| | | | | | **Period** | 09-04 | **Total** | 422,676.20 | 2,871.88 | 0.00 | 425,548.08 |
| ^ GJ | GL | 016551 | | SEE FEB NB | 3/1/2004 | SEE FEB NOTEBOOK H-3 | | 2,891.40 | 0.00 | |
| | | | | | **Period** | 10-04 | **Total** | 425,548.08 | 2,891.40 | 0.00 | 428,439.48 |
| GJ | GL | 016875 | | SEE MAR NB | 3/23/2004 | SEE MAR NOTEBOOK H-3 | | 2,723.23 | 0.00 | |
| | | | | | **Period** | 11-04 | **Total** | 428,439.48 | 2,723.23 | 0.00 | 431,162.71 |
| GJ | GL | 017368 | | RECLASS | 4/28/2004 | reclass from 20210 | | 661.95 | 0.00 | |
| GJ | GL | 017368 | | RECLASS | 4/28/2004 | reclass from 20210 | | 696.22 | 0.00 | |
| GJ | GL | 017331 | | SEE APR NB | 4/26/2004 | SEE APRIL NOTEBOOK H-3 | | 2,929.54 | 0.00 | |
| AP | VO | 143647 | 4-19-4 stmt | 366590 | 4/28/2004 | Amex Centurion Coda Roberson | | 1,391.50 | 0.00 | |
| | | | | | **Period** | 12-04 | **Total** | 431,162.71 | 5,679.21 | 0.00 | 436,841.92 |
| ^ GJ | GL | 017864 | | MAY NB | 6/3/2004 | SEE MAY NOTEBOOK H-4 | | 2,872.39 | 0.00 | |
| | | | | | **Period** | 01-05 | **Total** | 436,841.92 | 2,872.39 | 0.00 | 439,714.31 |
| ^ GJ | GL | 018562 | | JUN SECT H | 7/21/2004 | JUNE INTEREST | | 2,987.65 | 0.00 | |
| | | | | | **Period** | 02-05 | **Total** | 439,714.31 | 2,987.65 | 0.00 | 442,701.96 |
| ^ GJ | GL | 018819 | | JULY SECTH | 8/9/2004 | July interest | | 2,910.92 | 0.00 | |
| AP | VO | 152253 | 6-23-4 stmt | 390092 | 7/12/2004 | Bankcard Ctr Coda 6-23-4 | | 3,706.50 | 0.00 | |
| | | | | | **Period** | 03-05 | **Total** | 442,701.96 | 6,617.42 | 0.00 | 449,319.38 |
| GJ | GL | 019129 | | AUG SEC I | 8/26/2004 | accrue aug interest | | 3,052.91 | 0.00 | |
| | | | | | **Period** | 04-05 | **Total** | 449,319.38 | 3,052.91 | 0.00 | 452,372.29 |
| ^ GJ | GL | 020066 | | CORR | 10/21/2004 | correct batch #019595 | | 0.00 | 2,875.36 | |
| GJ | GL | 019595 | | SEP SECT I | 9/28/2004 | to accrue Sept interest | | 5,949.01 | 0.00 | |
| | | | | | **Period** | 05-05 | **Total** | 452,372.29 | 5,949.01 | 2,875.36 | 455,445.94 |
| ^ GJ | GL | 020179 | | OCT SEC I | 11/1/2004 | to accrue oct interest | | 2,994.71 | 0.00 | |
| | | | | | **Period** | 06-05 | **Total** | 455,445.94 | 2,994.71 | 0.00 | 458,440.65 |
| ^ GJ | GL | 020591 | | NOV SEC I | 12/2/2004 | accrue november interest | | 3,114.88 | 0.00 | |

Date:   Monday, June 06, 2011
Time:   12:55PM
User:   SYSADMIN

Page:   3 of 9
Report   01620.rpt
Company:   TBWMC

## Taylor Bean & Whitaker
### Detail General Ledger - Standard
Periods: 01-03 Through 05-10 As of: 5/27/2011   Ledger ID:   ACTUAL

| Jrnl Typo | Tran Type | Bat Nbr | Ext Ref / Loan Nbr | Reference Nbr | Tran Date | Tran Description | Beginning Balance | Debit Amount | Credit Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Period** | **07-05** Total | **458,440.65** | **3,114.88** | **0.00** | **461,555.53** |
| ^ GJ | GL | 021133 | | DEC SEC I | 1/11/2005 | accrue Dec interest | | 3,034.89 | 0.00 | |
| | | | | | **Period** | **08-05** Total | **461,555.53** | **3,034.89** | **0.00** | **464,590.42** |
| ^ GJ | GL | 021484 | | JAN SEC I | 2/3/2005 | ACCRUE JAN 05 INT 20750 | | 3,156.67 | 0.00 | |
| | | | | | **Period** | **09-05** Total | **464,590.42** | **3,156.67** | **0.00** | **467,747.09** |
| ^ GJ | GL | 021911 | | FEB SEC I | 3/4/2005 | ACCRUE FEB 05 INTEREST 20750 | | 3,178.12 | 0.00 | |
| | | | | | **Period** | **10-05** Total | **467,747.09** | **3,178.12** | **0.00** | **470,925.21** |
| ^ GJ | GL | 022317 | | MAR SEC I | 4/4/2005 | Accrue Mar 05 Int 20750 | | 2,890.06 | 0.00 | |
| | | | | | **Period** | **11-05** Total | **470,925.21** | **2,890.06** | **0.00** | **473,815.27** |
| ^ GJ | GL | 022790 | | APR SEC I | 5/2/2005 | Accrue Apr 05 Int 20750 | | 3,219.35 | 0.00 | |
| | | | | | **Period** | **12-05** Total | **473,815.27** | **3,219.35** | **0.00** | **477,034.62** |
| ^ GJ | GL | 023813 | | MAY SEC I | 6/30/2005 | Accrue May 05 interest 20750 | | 3,241.22 | 0.00 | |
| | | | | | **Period** | **01-06** Total | **477,034.62** | **3,241.22** | **0.00** | **480,275.84** |
| ^ GJ | GL | 024150 | | JUN SEC I | 7/21/2005 | Accrue Jun 05 interest 20750 | | 3,157.98 | 0.00 | |
| | | | | | **Period** | **02-06** Total | **480,275.84** | **3,157.98** | **0.00** | **483,433.82** |
| ^ GJ | GL | 024500 | | | 8/11/2005 | reconcile 3201atFYE per Jill | | 0.00 | 464,590.42 | |
| ^ GJ | GL | 024534 | | JUL SEC I | 8/12/2005 | Accrue Jul 05 interest 20750 | | 3,284.70 | 0.00 | |
| | | | | | **Period** | **03-06** Total | **483,433.82** | **3,284.70** | **464,590.42** | **22,128.10** |
| ^ GJ | GL | 025105 | | AUG SEC I | 9/14/2005 | Accrue Aug 05 interest 20750 | | 150.35 | 0.00 | |
| | | | | | **Period** | **04-06** Total | **22,128.10** | **150.35** | **0.00** | **22,278.45** |
| ^ GJ | GL | 025459 | | RECLASS | 10/5/2005 | Reclass sub to main 20750 | | 10,475.53 | 0.00 | |
| ^ GJ | GL | 025620 | | SEP SEC I | 10/17/2005 | Accrue Sep 05 interest 20750 | | 146.49 | 0.00 | |
| | | | | | **Period** | **05-06** Total | **22,278.45** | **10,622.02** | **0.00** | **32,900.47** |
| ^ GJ | GL | 026150 | | OCT SEC I | 11/9/2005 | Accrue Oct 05 interest 20750 | | 223.54 | 0.00 | |
| AP | VO | 202015 | 1085 | 527786 | 10/20/2005 | Nichols Pro | | 600.00 | 0.00 | |
| | | | | | **Period** | **06-06** Total | **32,900.47** | **823.54** | **0.00** | **33,724.01** |
| ^ GJ | GL | 026736 | | NOV SEC I | 12/15/2005 | Accrue Nov 05 interest 20750 | | 221.75 | 0.00 | |
| | | | | | **Period** | **07-06** Total | **33,724.01** | **221.75** | **0.00** | **33,945.76** |
| ^ GJ | GL | 026994 | | DEC SEC I | 1/4/2006 | Accrue Dec 05 interest 20750 | | 230.65 | 0.00 | |
| | | | | | **Period** | **08-06** Total | **33,945.76** | **230.65** | **0.00** | **34,176.41** |
| ^ GJ | GL | 027750 | | | 1/31/2006 | 1/31/2006 | Accrue Jan 05 interest 20750 | | 232.21 | 0.00 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Date: | Monday, June 06, 2011 | | | | **Taylor Bean & Whitaker** | | Page: | 4 of 9 | |
| Time: | 12:55PM | | | | **Detail General Ledger - Standard** | | Report: | 01620.rpt | |
| User: | SYSADMIN | | | | Periods: 01-03 Through 05-10 As of: 5/27/2011 | Ledger ID:   ACTUAL | Company: | TBWMC | |

| Jrnl Type | Tran Type | Bat Nbr | Ext Ref / Loan Nbr | Reference Nbr | Tran Date | Tran Description | Beginning Balance | Debit Amount | Credit Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Period** | 09-06      **Total** | 34,176.41 | 232.21 | 0.00 | 34,408.62 |
| ^ GJ | GL | 028506 | | FEB SEC Z | 2/28/2006 | Accrue Feb 06 interest 20750 | | 211.17 | 0.00 | |
| | | | | | **Period** | 10-06      **Total** | 34,408.62 | 211.17 | 0.00 | 34,619.79 |
| ^ GJ | GL | 029009 | | MAR SEC I | 4/25/2006 | Accrue Mar 06 interest 20750 | | 235.22 | 0.00 | |
| | | | | | **Period** | 11-06      **Total** | 34,619.79 | 235.22 | 0.00 | 34,855.01 |
| ^ GJ | GL | 029625 | | APR SEC I | 5/25/2006 | Accrue Apr 06 interest 20750 | | 229.18 | 0.00 | |
| | | | | | **Period** | 12-06      **Total** | 34,855.01 | 229.18 | 0.00 | 35,084.19 |
| | | | | | **Period** | 01-07      **Total** | 35,084.19 | 0.00 | 0.00 | 35,084.19 |
| ^ GJ | GL | 031244 | | JUN SEC I | 6/30/2006 | Accrue Jun 06 interest 20750 | | 232.26 | 0.00 | |
| ^ GJ | GL | 031242 | | MAY SEC I | 5/31/2006 | Accrue May 06 interest 20750 | | 238.38 | 0.00 | |
| | | | | | **Period** | 02-07      **Total** | 35,084.19 | 470.64 | 0.00 | 35,554.83 |
| ^ GJ | GL | 031593 | | JULY SEC I | 7/31/2006 | Accrue July 06 interest 20750 | | 241.58 | 0.00 | |
| ^ GJ | GL | 031605 | | JULY SEC I | 7/31/2006 | Accrue July 06 interest 20750 | | 241.58 | 0.00 | |
| | | | | | **Period** | 03-07      **Total** | 35,554.83 | 483.16 | 0.00 | 36,037.99 |
| ^ GJ | GL | 032071 | | AUG SEC I | 8/31/2006 | Accrue Aug 06 interest 20750 | | 243.22 | 0.00 | |
| ^ GJ | GL | 032070 | | REVERSE | 8/31/2006 | Reverse B#031605 | | 0.00 | 241.58 | |
| | | | | | **Period** | 04-07      **Total** | 36,037.99 | 243.22 | 241.58 | 36,039.63 |
| GJ | GL | 032068 | | REVERSE | 8/31/2006 | Reverse B#031605 | | 0.00 | 241.58 | |
| GJ | GL | 032069 | | REVERSE | 8/31/2006 | Reverse B#032068 | | 241.58 | 0.00 | |
| ^ GJ | GL | 032748 | | SEPT SEC I | 9/30/2006 | Accrue Sept 06 interest 20750 | | 236.97 | 0.00 | |
| | | | | | **Period** | 05-07      **Total** | 36,039.63 | 478.55 | 241.58 | 36,276.60 |
| ^ GJ | GL | 033403 | | OCT SEC I | 10/31/2006 | Accrue Oct 06 interest 20750 | | 246.48 | 0.00 | |
| | | | | | **Period** | 06-07      **Total** | 36,276.60 | 246.48 | 0.00 | 36,523.08 |
| ^ GJ | GL | 034104 | | NOV SEC I | 11/30/2006 | Accrue Nov 06 interest 20750 | | 240.15 | 0.00 | |
| | | | | | **Period** | 07-07      **Total** | 36,523.08 | 240.15 | 0.00 | 36,763.23 |
| ^ GJ | GL | 034696 | | DEC SEC I | 12/31/2006 | Accrue Dec 06 interest 20750 | | 249.79 | 0.00 | |
| | | | | | **Period** | 08-07      **Total** | 36,763.23 | 249.79 | 0.00 | 37,013.02 |
| ^ GJ | GL | 035378 | | JAN SEC I | 1/31/2007 | Accrue Jan 07 interest 20750 | | 251.49 | 0.00 | |
| | | | | | **Period** | 09-07      **Total** | 37,013.02 | 251.49 | 0.00 | 37,264.51 |
| ^ GJ | GL | 036031 | | FEB SEC I | 2/28/2007 | Accrue Feb 07 interest 20750 | | 228.69 | 0.00 | |
| | | | | | **Period** | 10-07      **Total** | 37,264.51 | 228.69 | 0.00 | 37,493.20 |
| ^ GJ | GL | 036677 | | MAR SEC I | 3/31/2007 | Accrue Mar 07 interest 20750 | | 254.75 | 0.00 | |

Date:   Monday, June 06, 2011
Time:   12:55PM
User:   SYSADMIN

Page:   5 of 9
Report:   01620.rpt
Company:   TBWMC

**Taylor Bean & Whitaker**
**Detail General Ledger - Standard**
Periods: 01-03 Through 05-10 As of: 5/27/2011   Ledger ID:   ACTUAL

| Jml Type | Tran Type | Bat Nbr | Ext Ref / Loan Nbr | Reference Nbr | Tran Date | Tran Description | Beginning Balance | Debit Amount | Credit Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Period** | **11-07** **Total** | **37,493.20** | **254.75** | **0.00** | **37,747.95** |
| ^ GJ | GL | 037384 | | APR SEC I | 4/30/2007 | Accrue Apr 07 interest 20750 | | 248.21 | 0.00 | |
| | | | | | **Period** | **12-07** **Total** | **37,747.95** | **248.21** | **0.00** | **37,996.16** |
| ^ GJ | GL | 038421 | | MAY SEC I | 5/31/2007 | Accrue May 07 interest 20750 | | 258.17 | 0.00 | |
| | | | | | **Period** | **01-08** **Total** | **37,996.16** | **258.17** | **0.00** | **38,254.33** |
| ^ GJ | GL | 038900 | | JUN SEC I | 6/30/2007 | Accrue June 07 interest 20750 | | 251.54 | 0.00 | |
| | | | | | **Period** | **02-08** **Total** | **38,254.33** | **251.54** | **0.00** | **38,505.87** |
| ^ GJ | GL | 039223 | | JULY SEC I | 7/31/2007 | Accrue July 07 interest 20750 | | 261.63 | 0.00 | |
| | | | | | **Period** | **03-08** **Total** | **38,505.87** | **261.63** | **0.00** | **38,767.50** |
| GJ | GL | 038820 | | | 8/22/2007 | Trans from Wachovia | | 33,500.00 | 0.00 | |
| GJ | GL | 039075 | | | 8/22/2007 | Reclass to 3201 GL22150 | | 0.00 | 33,500.00 | |
| ^ GJ | GL | 039790 | | AUG SEC I | 8/31/2007 | Accrue Aug 07 interest 20750 | | 263.41 | | |
| | | | | | **Period** | **04-08** **Total** | **38,767.50** | **33,763.41** | **33,500.00** | **39,030.91** |
| ^ GJ | GL | 040166 | | SEP SEC I | 9/30/2007 | Accrue Sep 07 interest 20750 | | 256.64 | 0.00 | |
| | | | | | **Period** | **05-08** **Total** | **39,030.91** | **256.64** | **0.00** | **39,287.55** |
| ^ GJ | GL | 040730 | | OCT SEC I | 10/31/2007 | Accrue Oct 07 interest 20750 | | 266.94 | 0.00 | |
| | | | | | **Period** | **06-08** **Total** | **39,287.55** | **266.94** | **0.00** | **39,554.49** |
| ^ GJ | GL | 041458 | | NOV SEC I | 11/30/2007 | Accrue Nov 07 interest 20750 | | 260.08 | 0.00 | |
| | | | | | **Period** | **07-08** **Total** | **39,554.49** | **260.08** | **0.00** | **39,814.57** |
| ^ GJ | GL | 042058 | | DEC SEC I | 12/31/2007 | Accrue Dec 07 interest 20750 | | 270.52 | 0.00 | |
| | | | | | **Period** | **08-08** **Total** | **39,814.57** | **270.52** | **0.00** | **40,085.09** |
| ^ GJ | GL | 042959 | | JAN SEC I | 1/31/2008 | Accrue Jan 08 interest 20750 | | 272.36 | 0.00 | |
| | | | | | **Period** | **09-08** **Total** | **40,085.09** | **272.36** | **0.00** | **40,357.45** |
| ^ GJ | GL | 043478 | | FEB SEC I | 2/29/2008 | Accrue Feb 08 interest 20750 | | 256.52 | 0.30 | |
| | | | | | **Period** | **10-08** **Total** | **40,357.45** | **256.52** | **0.00** | **40,613.97** |
| ^ GJ | GL | 043999 | | MAR SEC I | 3/31/2008 | Accrue Mar 08 interest 20750 | | 275.95 | 0.00 | |
| | | | | | **Period** | **11-08** **Total** | **40,613.97** | **275.95** | **0.00** | **40,889.92** |
| ^ GJ | GL | 044480 | | APR SEC I | 4/30/2008 | Accrue Apr 08 interest 20750 | | 268.87 | 0.00 | |
| | | | | | **Period** | **12-08** **Total** | **40,889.92** | **268.87** | **0.00** | **41,158.79** |
| GJ | GL | 044273 | ck 1004 | 05-09-08 | 5/9/2008 | 3201 Partnership | | 0.00 | 40,889.92 | |
| ^ GJ | GL | 045682 | | MAY SECT I | 5/31/2008 | Accrue May 08 interest 20750 | | 279.65 | 0.00 | |

| | | | | | | | | Page: | 6 of 9 |
|---|---|---|---|---|---|---|---|---|---|
| Date: | Monday, June 06, 2011 | | | | **Taylor Bean & Whitaker** | | | Report: | 01620.rpt |
| Time: | 12:55PM | | | | **Detail General Ledger - Standard** | | | Company: | TBWMC |
| User: | SYSADMIN | | | | Periods: 01-03 Through 05-10 As of: 5/27/2011   Ledger ID:   ACTUAL | | | | |

| Jrnl Type | Tran Type | Bat Nbr | Ext Ref / Loan Nbr | Reference Nbr | Tran Date | Tran Description | Beginning Balance | Debit Amount | Credit Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Period** | **01-09**   **Total** | 41,158.79 | 279.65 | 40,889.92 | 548.52 |
| GJ | GL | 044830 | ck 1014 | 06-05-08 | 6/5/2008 | 3201 Partnership | | 0.00 | 268.87 | |
| ^ GJ | GL | 045984 | | JUN SECT I | 6/30/2008 | Accrue June 08 interest 20750 | | 3.61 | 0.00 | |
| ^ GJ | GL | 046078 | | JUN SECT I | 6/30/2008 | Adjust 20750 to zero | | 0.00 | 283.26 | |
| | | | | | **Period** | **02-09**   **Total** | 548.52 | 3.61 | 552.13 | 0.00 |
| | | | | | **Period** | **03-09**   **Total** | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | **Period** | **04-09**   **Total** | 0.00 | 0.00 | 0.00 | 0.00 |
| ^ GJ | GL | 047288 | | RECLASS | 9/30/2008 | Recl FloridaDesign101GaragWork | | 5,925.00 | 0.00 | |
| | | | | | **Period** | **05-09**   **Total** | 0.00 | 5,925.00 | 0.00 | 5,925.00 |
| GJ | GL | 047423 | ck 1064 | 10-7-8 | 10/7/2008 | 3201 Partnership | | 0.00 | 5,965.26 | |
| ^ GJ | GL | 048036 | | OCT SECT I | 10/31/2008 | Accrue Oct 08 interest 20750 | | 40.26 | 0.00 | |
| ^ GJ | GL | 048016 | | RECLASS | 10/31/2008 | Martin Palmer Constr - Maslow | | 180.00 | 0.00 | |
| ^ GJ | GL | 048016 | | RECLASS | 10/31/2008 | Martin Palmer Constr - Maslow | | 960.00 | 0.00 | |
| ^ GJ | GL | 048016 | | RECLASS | 10/31/2008 | Martin Palmer Constr - Maslow | | 12,351.08 | 0.00 | |
| ^ GJ | GL | 048016 | | RECLASS | 10/31/2008 | Martin Palmer Constr - Maslow | | 14,708.11 | 0.00 | |
| ^ GJ | GL | 048016 | | RECLASS | 10/31/2008 | Martin Palmer Constr - Maslow | | 33,503.29 | 0.00 | |
| ^ GJ | GL | 048016 | | RECLASS | 10/31/2008 | Martin Palmer Constr - Maslow | | 10,932.05 | 0.00 | |
| ^ GJ | GL | 048016 | | RECLASS | 10/31/2008 | Melville Electric - Maslow | | 4,815.00 | 0.00 | |
| ^ GJ | GL | 048016 | | RECLASS | 10/31/2008 | Dove Homes - Maslow | | 50,000.00 | 0.00 | |
| ^ GJ | GL | 048230 | | RECLASS | 10/31/2008 | Florida Design - Maslow | | 10,752.50 | 0.00 | |
| ^ GJ | GL | 048230 | | RECLASS | 10/31/2008 | N&N Furniture - Maslow | | 25,151.09 | 0.00 | |
| ^ GJ | GL | 048309 | | RECLASS | 10/31/2008 | Recl N&N Furniture-Maslow | | 0.00 | 25,151.09 | |
| ^ GJ | GL | 048309 | | REVERSE | 10/31/2008 | Rev B#048230 FloridaDesignPlat | | 0.00 | 10,752.50 | |
| | | | | | **Period** | **06-09**   **Total** | 5,925.00 | 163,393.38 | 41,868.85 | 127,449.53 |
| ^ GJ | GL | 048644 | | NOV SECT I | 11/30/2008 | Accrue Nov 08 interest 20750 | | 838.02 | 0.00 | |
| | | | | | **Period** | **07-09**   **Total** | 127,449.53 | 838.02 | 0.00 | 128,287.55 |
| ^ GJ | GL | 049209 | | DEC SECT I | 12/31/2008 | Accrue Dec 08 interest 20750 | | 871.65 | 0.00 | |
| | | | | | **Period** | **08-09**   **Total** | 128,287.55 | 871.65 | 0.00 | 129,159.20 |
| ^ GJ | GL | 049919 | | JAN SECT I | 1/31/2009 | Accrue Jan 09 interest 20750 | | 877.57 | 0.00 | |
| ^ GJ | GL | 050390 | Re #976797 | RECLASS | 1/31/2009 | FloridaDesign #3869 | | 5,332.50 | 0.00 | |
| ^ GJ | GL | 050390 | Re #991176 | RECLASS | 1/31/2009 | FloridaDesign #3879 | | 1,965.36 | 0.00 | |
| | | | | | **Period** | **09-09**   **Total** | 129,159.20 | 8,175.43 | 0.00 | 137,334.63 |

| Date: | Monday, June 06, 2011 | | | | | | | | Page: | 7 of 9 |
| Time: | 12:55PM | | | | | | | | Report: | 01620.rpt |
| User: | SYSADMIN | | | | | | | | Company: | TBWMC |

**Taylor Bean & Whitaker**
**Detail General Ledger - Standard**
Periods: 01-03 Through 05-10 As of: 5/27/2011     Ledger ID:     ACTUAL

| Jrnl Type | Tran Type | Bat Nbr | Ext Ref / Loan Nbr | Reference Nbr | Tran Date | Tran Description | Beginning Balance | Debit Amount | Credit Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| ^ GJ | GL | 050593 | | FEB SECT I | 2/28/2009 | Accrue Feb 09 interest 20750 | | 842.82 | 0.00 | |
| ^ GJ | GL | 050546 | | RECLASS | 2/28/2009 | R William Futch-prop pymnt | | 302,237.00 | 0.00 | |
| ^ GJ | GL | 050560 | JE 050546 | RECLASS | 2/28/2009 | R William Futch-prop pymt | | 0.00 | 302,237.00 | |
| | | | | | Period | 10-09 | 137,334.63 | 303,079.82 | 302,237.00 | 138,177.45 |
| ^ GJ | GL | 051141 | | MAR SECT I | 3/31/2009 | Accrue Mar 09 interest 20750 | | 938.85 | 0.00 | |
| | | | | | Period | 11-09 Total | 138,177.45 | 938.85 | 0.00 | 139,116.30 |
| | | | | | Period | 12-09 Total | 139,116.30 | 0.00 | 0.00 | 139,116.30 |
| ^ GJ | GL | 051910 | | APR SECT I | 4/30/2009 | Accrue Apr 09 interest 20750 | | 914.74 | 0.00 | |
| | | | | | Period | 01-10 Total | 139,116.30 | 914.74 | 0.00 | 140,031.04 |
| ^ GJ | GL | 052387 | | MAY SECT I | 5/31/2009 | Accrue May 09 interest 20750 | | 951.44 | 0.00 | |
| | | | | | Period | 02-10 Total | 140,031.04 | 951.44 | 0.00 | 140,982.48 |
| ^ GJ | GL | 053024 | | JUN SECT I | 6/30/2009 | Accrue Jun 09 interest 20750 | | 927.01 | 0.00 | |
| | | | | | Period | 03-10 Total | 140,982.48 | 927.01 | 0.00 | 141,909.49 |
| ^ GJ | GL | 053687 | | JUL SECT I | 7/31/2009 | Accrue Jul 09 interest 20750 | | 964.21 | 0.00 | |
| | | | | | Period | 04-10 Total | 141,909.49 | 964.21 | 0.00 | 142,873.70 |
| | | | | | Period | 05-10 Total | 142,873.70 | 0.00 | 0.00 | 142,873.70 |
| Acct: | 20750 | | Due From 3201 (MOSAW) | | Sub: | 00-10100-0000000000 | | Ocala, FL (CDF)-Undistributed | | |
| | | | | | Period | 01-06 Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 02-06 Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 03-06 Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 04-06 Total | 0.00 | 0.00 | 0.00 | 0.00 |
| ^ GJ | GL | 025459 | | RECLASS | 10/5/2005 | Reclass sub to main 20750 | | 0.00 | 10,475.53 | |
| AP | VO | 198567 | 9005 | 518296 | 9/18/2005 | 3201 Partnership | | 10,475.53 | 0.00 | |
| | | | | | Period | 05-06 Total | 0.00 | 10,475.53 | 10,475.53 | 0.00 |
| | | | | | Period | 06-06 Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 07-06 Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 08-06 Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 09-06 Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 10-06 Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 11-06 Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 12-06 Total | 0.00 | 0.00 | 0.00 | 0.00 |

| Date: | Monday, June 06, 2011 | | | | | **Taylor Bean & Whitaker** | | | Page: | 8 of 9 |
| Time: | 12:55PM | | | | | **Detail General Ledger - Standard** | | | Report: | 01620.rpt |
| User: | SYSADMIN | | | | | Periods: 01-03 Through 05-10 As of: 5/27/2011   Ledger ID:   ACTUAL | | | Company: | TBWMC |

| Jrnl Type | Tran Type | Bat Nbr | Ext Ref / Loan Nbr | Reference Nbr | Tran Date | Tran Description | Beginning Balance | Debit Amount | Credit Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Period 01-07 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 02-07 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 03-07 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 04-07 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 05-07 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| ^ GJ | GL | 033099 | | RECLASS | 10/30/2006 | 3201 Partnership | | 0.00 | 54,993.46 | |
| AP | VO | 243227 | Nov 2006 | 669939 | 10/30/2006 | 3201 Partnership | | 54,993.46 | 0.00 | |
| | | | | | Period 06-07 | Total | 0.00 | 54,993.46 | 54,993.46 | 0.00 |
| | | | | | Period 07-07 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 08-07 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 09-07 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 10-07 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 11-07 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 12-07 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 01-08 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 02-08 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 03-08 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 04-08 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 05-08 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 06-08 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 07-08 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 08-08 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 09-08 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 10-08 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 11-08 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 12-08 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 01-09 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 02-09 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period 03-09 | Total | 0.00 | 0.00 | 0.00 | 0.00 |

| Date: | Monday, June 06, 2011 | | | | | Taylor Bean & Whitaker | | | | Page: | 9 of 9 |
| Time: | 12:55PM | | | | | **Detail General Ledger - Standard** | | | | Report: | 01620.rpt |
| User: | SYSADMIN | | | | | Periods: 01-03 Through 05-10 As of: 5/27/2011   Ledger ID:   ACTUAL | | | | Company: | TBWMC |

| Jrnl Type | Tran Type | Bat Nbr | Ext Ref / Loan Nbr | Reference Nbr | Tran Date | Tran Description | | Beginning Balance | Debit Amount | Credit Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Period | 04-09 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 05-09 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 06-09 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 07-09 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 08-09 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 09-09 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 10-09 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 11-09 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 12-09 | Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Acct | 20750 | Total | 355,873.06 | 769,466.47 | 982,465.83 | 142,873.70 |
| | | Total | | Assets | | | | 355,873.06 | 769,466.47 | 982,465.83 | 0.00 |

^   Indicates the period entered is different from the period posted.

*   Indicates there are no GL transactions to support summarized AcctHist period activity.

**   Indicates the calculated period ending balance does not match the YTD balance on AcctHist.

***   Indicates the calculated account balance does not match the account balance on AcctHist.

#   Indicates Assets do not match Liabilities or Net Income does not equal the YTD Net Income account.





20-3D

125C



125D

# AOT Transaction on April 17, 2007

TBW transfers
$15,000,000 to its
Master Account.


TB&W
TBW
Operating Account
Acct. # 903037314

$15,000,000




TB&W
TBW
Master Account
Acct # 802069362


AOT





# AOT Transaction on April 17, 2007

- Farkas transfers amounts to various accounts.

**TBW** Operating Account
Acct # 8003077314

**TBW** Master Account
Acct # 802606936

**TBW** Working Capital
Line of Credit

**AOT** MISSION POOLS

**TBW** Farkas Loan Account Transactions
$2,995,246.05

**TBW** Farkas Related Parties Loan Accounts
$12,004,753.95

125F

# AOT Transaction on April 17, 2007



Mesirow Pools sold to AOT.

| Category | 145 Loans | | |
| --- | --- | --- | --- |
| | Loan Count | Purchase Amount | Loan Collateral Amount |
| Active Loans | 7 | $  879.967 | $  879.967 |
| REO | 33 | 3.171.398 | 3.171.398 |
| Double Sold | 105 | 11.387.348 | ✗ |
| Lee Loans | | | ✗ |
| Paid in Full | - | - | ✗ |
| Charge-Off | - | - | ✗ |
| Not in Servicing | - | - | ✗ |
| Total | 145 | $  15,438,713 | $  4,051,365 |

125B

| Date: | Tuesday, August 03, 2010 | | | | | **Taylor Bean & Whitaker** | | | Page: | 1 of 54 |
| Time: | 05:16PM | | | | | **Detail General Ledger - Standard** | | | Report: | 01620.rpt |
| User: | SYSADMIN | | | | | Periods: 01-03 Through 05-10 As of: 8/3/2010   Ledger ID:   ACTUAL | | | Company: | TBWMC |

| Jrnl Type | Tran Type | Bat Nbr | Ext Ref / Loan Nbr | Reference Nbr | Tran Date | Tran Description | Beginning Balance | Debit Amount | Credit Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| Acct: | 20210 | N/R - Lee B Farkas | | | Sub: | 00-00000-0000000000 | Default | | | |
| ^ GJ | GL | 017925 | | RECLASS | 6/9/2004 | TRANS TO 20704 | | 0.00 | 11,235.87 | |
| ^ GJ | GL | 017925 | | RECLASS | 6/9/2004 | TRANS TO 20705 | | 0.00 | 15,078.90 | |
| ^ GJ | GL | 017927 | | REVERSE | 6/9/2004 | TO REVERSE B# 017925 | | 11,235.87 | 0.00 | |
| ^ GJ | GL | 017927 | | REVERSE | 6/9/2004 | TO REVERSE B# 017925 | | 15,078.90 | 0.00 | |
| | | | | | Period | 01-04 Total | 0.00 | 26,314.77 | 26,314.77 | 0.00 |
| | | | | | Period | 02-04 Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 03-04 Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 04-04 Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 05-04 Total | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | Period | 06-04 Total | 0.00 | 0.00 | 0.00 | 0.00 |
| ^ GJ | GL | 015567 | | SEE NOV NK | 12/9/2003 | See P sec in Nov notebk | | 2,344.75 | 0.00 | |
| | | | | | Period | 07-04 Total | 0.00 | 2,344.75 | 0.00 | 2,344.75 |
| GJ | GL | 015574 | | 12/05/03 | 12/5/2003 | Recl B#127051 Bankcard-0280951 | | 2,344.75 | 0.00 | |
| GJ | GL | 015644 | | 12/11/03 | 12/11/2003 | Lee Signed Note Wire from SoTr | | 50,000.00 | 0.00 | |
| GJ | GL | 015727 | | 12/19/03 | 12/19/2003 | Wire W. Boyce PA - Coda Deal | | 696,511.78 | 0.00 | |
| GJ | GL | 015568 | | SEE NOV NK | 12/11/2003 | See P sec in Nov notebk | | 0.00 | 2,344.75 | |
| AP | VO | 129831 | 16162 | 331529 | 12/22/2003 | Foliage Design-16162 | | 160.64 | 0.00 | |
| AP | VO | 129994 | 12-11-3 stmt | 331788 | 12/23/2003 | Amex 12-11-3 Coda portion | | 6,445.40 | 0.00 | |
| AP | VO | 130720 | 12-18-3 stmt | 333718 | 12/30/2003 | Amex Cent 12-18-3 Coda | | 2,961.32 | 0.00 | |
| AP | VO | 130734 | 12-8-3 stmt | 333728 | 12/31/2003 | Advanta 12-8-3 stmt | | 107.98 | 0.00 | |
| | | | | | Period | 08-04 Total | 2,344.75 | 758,531.87 | 2,344.75 | 758,531.87 |
| GJ | GL | 016072 | | 1/22 | 1/22/2004 | TBW-NADA Trust-Credit Cards | | 0.00 | 22,496.33 | |
| ^ GJ | GL | 016221 | | SEE JAN NB | 2/4/2004 | SEE JAN NOTEBOOK H-7 | | 12,981.63 | 0.00 | |
| ^ GJ | GL | 016506 | | SEE JAN NB | 2/25/2004 | SEE JAN NOTEBOOK F-1 | | 476,353.98 | 0.00 | |
| AP | VO | 131737 | 460691400002 | 336136 | 1/13/2004 | Bankcard #460691400028995 | | 271.32 | 0.00 | |
| AP | VO | 132388 | 16348 | 337450 | 1/20/2004 | Foliage Design-16348 | | 160.64 | 0.00 | |
| AP | VO | 132820 | 1-11-4 stmt | 338137 | 1/21/2004 | Amex Platinum Coda 1-11-4 | | 9,843.95 | 0.00 | |
| AP | VO | 133569 | 1-19-4 stmt | 340192 | 1/29/2004 | Amex Cent 1-19-4 Roberson | | 4,114.83 | 0.00 | |
| | | | | | Period | 09-04 Total | 758,531.87 | 503,726.25 | 22,496.33 | 1,239,761.79 |
| GJ | GL | 016380 | | 2/17/04 | 2/17/2004 | Trans to No. Tr Bank of Fl | | 100,000.00 | 0.00 | |
| GJ | GL | 016434 | | 2/20/04 | 2/20/2004 | C. Roberson Prudential Sec | | 200,000.00 | 0.00 | |



GOVERNMENT
EXHIBIT

20-1
1:10CR200

DOJ-ABE-095A-00000284

| Date: | Tuesday August 03, 2010 | | | | | | Page: | 23 of 54 |
| Time: | 05:16PM | | | | | | Report: | 01620 rpl |
| User | SYSADMIN | | | | | | Company: | TBWMC |

### Taylor Bean & Whitaker
### Detail General Ledger - Standard
Periods: 01-03 Through 05-10 As of: 8/3/2010    Ledger ID:    ACTUAL

| Jnl Type | Tran Type | Bat Nbr | Ext Ref / Loan Nbr | Reference Nbr | Tran Date | Tran Description | Beginning Balance | Debit Amount | Credit Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Period | 11-07    Total | 7,016,759.47 | 880,067.02 | 4,378,858.62 | 3,519,967.87 |
| GJ | GL | 036130 | | 04-17-7 | 4/17/2007 | Wire into 10732 | | 0.00 | 15,000,000.00 | |
| ^ GJ | GL | 037424 | | 1/31/2007 | 1/31/2007 | Lee's Dec 06 comm pd Jan 07 | | 0.00 | 20,000.00 | |
| ^ GJ | GL | 037424 | | 10/31/2006 | 10/31/2006 | Lee's Sep 06 comm pd Oct 06 | | 0.00 | 20,000.00 | |
| ^ GJ | GL | 037241 | | 11/30/2006 | 11/30/2006 | Reverse dividend accrual | | 0.00 | 22,508.36 | |
| ^ GJ | GL | 037424 | | 11/30/2006 | 11/30/2006 | Lee's Oct 06 comm pd Nov 06 | | 0.00 | 20,000.00 | |
| ^ GJ | GL | 037424 | | 12/31/2006 | 12/31/2006 | Lee's Nov 06 comm pd Dec 06 | | 0.00 | 20,000.00 | |
| ^ GJ | GL | 037424 | | 2/28/2007 | 2/28/2007 | Lee's Jan 07 comm pd Feb 07 | | 0.00 | 20,000.00 | |
| ^ GJ | GL | 037424 | | 3/31/2007 | 3/31/2007 | Lee's Feb 07 comm pd Mar 07 | | 0.00 | 20,000.00 | |
| GJ | GL | 036238 | | 4/24/2007 | 4/24/2007 | Trans to Triple Point Const | | 134,740.81 | 0.00 | |
| GJ | GL | 035811 | | 4/3/2007 | 4/3/2007 | LBF Term Loan Principal Pymt | | 2,437,406.42 | 0.00 | |
| GJ | GL | 035811 | | 4/3/2007 | 4/3/2007 | LBF Int Due for 1st Payment | | 753,011.80 | 0.00 | |
| ^ GJ | GL | 037242 | | 4/3/2007 | 4/3/2007 | Purchase shares from LBF | | 0.00 | 3,200,418.22 | |
| GJ | GL | 036472 | | 4/30/07 | 4/30/2007 | Wire Out | | 5,638.14 | 0.00 | |
| ^ GJ | GL | 037424 | | 4/30/2007 | 4/30/2007 | Lee's Mar 07 comm pd Apr 07 | | 0.00 | 20,000.00 | |
| ^ GJ | GL | 037459 | | 4/30/2007 | 4/30/2007 | Transfer to 20704 Thunderflowe | | 6,164,529.41 | 0.00 | |
| ^ GJ | GL | 037459 | | 4/30/2007 | 4/30/2007 | Transfer to 20180 CPMG | | 177,911.96 | 0.00 | |
| ^ GJ | GL | 037459 | | 4/30/2007 | 4/30/2007 | Transfer to 20185 Chisholm | | 219,812.38 | 0.00 | |
| ^ GJ | GL | 037459 | | 4/30/2007 | 4/30/2007 | Transfer to 20712 Citrus Land | | 828,557.17 | 0.00 | |
| ^ GJ | GL | 037459 | | 4/30/2007 | 4/30/2007 | Transfer to 20714 Clear Title | | 92,616.85 | 0.00 | |
| ^ GJ | GL | 037459 | | 4/30/2007 | 4/30/2007 | Transfer to 31019 Compass | | 4,521,320.18 | 0.00 | |
| ^ GJ | GL | 037477 | | 4/30/2007 | 4/30/2007 | Transfer to 20709 24/7 Call Ca | | 1,651,690.54 | 0.00 | |
| ^ GJ | GL | 037477 | | 4/30/2007 | 4/30/2007 | Transfer to 22160 Nada Airline | | 900,000.00 | 0.00 | |
| ^ GJ | GL | 037477 | | 4/30/2007 | 4/30/2007 | Transfer to 31018 New Technolo | | 1,989,635.64 | 0.00 | |
| ^ GJ | GL | 037480 | | 4/30/2007 | 4/30/2007 | Transfer to 20709 24/7 Call Ca | | 900,000.00 | 0.00 | |
| ^ GJ | GL | 037480 | | 4/30/2007 | 4/30/2007 | Transfer to 22160 Nada Airline | | 1,651,690.54 | 0.00 | |
| ^ GJ | GL | 037424 | | 9/30/2006 | 9/30/2006 | Lee's Aug 06 comm pd Sep 06 | | 0.00 | 20,000.00 | |
| ^ GJ | GL | 037384 | | APR SEC I | 4/30/2007 | Accrue Apr 07 interest 20210 | | 11,572.50 | 0.00 | |
| ^ GJ | GL | 036948 | | RECLASS | 4/18/2007 | AMEX-Due From AirNokomis | | 0.00 | 559.04 | |
| ^ GJ | GL | 036948 | | RECLASS | 4/18/2007 | AMEX-Due From AirNokomis | | 0.00 | 208.00 | |
| ^ GJ | GL | 036948 | | RECLASS | 4/26/2007 | AMEX - Herzberger | | 0.00 | 160.00 | |
| ^ GJ | GL | 036957 | | RECLASS | 4/30/2007 | James Nelson - 1/20/06 advance | | 0.00 | 475.00 | |
| ^ GJ | GL | 036957 | | RECLASS | 4/30/2007 | J Moore-Sharehold Amend Tax | | 0.00 | 1,250.00 | |
| ^ GJ | GL | 036957 | | RECLASS | 4/30/2007 | GE Capital Fin PCard-D Huston | | 0.00 | 674.00 | |

DOJ-ABE 095A 00000306

| Date: | Tuesday, August 03, 2010 | | | | | **Taylor Bean & Whitaker** | | | | Page: | 24 of 54 |
| Time: | 05:16PM | | | | | **Detail General Ledger - Standard** | | | | Report: | 01620.rpt |
| User: | SYSADMIN | | | | Periods: 01-03 Through 05-10 As of: 8/3/2010 | | Ledger ID: | ACTUAL | | Company: | TBWMC |

| Jrnl Type | Tran Type | Bat Nbr | Ext Ref / Loan Nbr | Reference Nbr | Tran Date | Tran Description | Beginning Balance | Debit Amount | Credit Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| ^ GJ | GL | 036957 | | RECLASS | 4/30/2007 | Wire to Camp Nokomis | | 0.00 | 3,058.97 | |
| ^ GJ | GL | 036957 | | RECLASS | 4/30/2007 | Amex - Lee Air Nokomis | | 0.00 | 14.85 | |
| ^ GJ | GL | 036957 | | RECLASS | 4/30/2007 | Amex - Scott Hager | | 0.00 | 214.84 | |
| ^ GJ | GL | 036957 | | RECLASS | 4/30/2007 | Lee - Scott Hager | | 0.00 | 16,534.86 | |
| ^ GJ | GL | 036959 | | RFCLASS | 4/30/2007 | Deposit Magnolia Street Fund I | | 0.00 | 2,500.00 | |
| ^ GJ | GL | 036959 | | RECLASS | 4/30/2007 | Deposit Magnolia Street Fund I | | 0.00 | 2,500.00 | |
| ^ GJ | GL | 036959 | | RECLASS | 4/30/2007 | Deposit Magnolia Street Fund I | | 0.00 | 90.00 | |
| ^ GJ | GL | 036961 | | RECLASS | 3/26/2007 | Trans to Citrus Land Title | | 0.00 | 380,741.12 | |
| ^ GJ | GL | 037326 | | RECLASS | 3/1/2007 | Angie Clifton/US Racing LLC | | 0.00 | 150,000.00 | |
| ^ GJ | GL | 037427 | | RECLASS | 5/28/2006 | Wire from Central Bus Jets Inc | | 0.00 | 1,600.00 | |
| ^ GJ | GL | 037477 | | REVERSE | 4/30/2007 | Transfer to 31019 Compass | | 0.00 | 4,521,326.18 | |
| ^ GJ | GL | 037480 | | REVERSE | 4/30/2007 | Transfer to 20709 24/7 Call Ca | | 0.00 | 1,651,890.54 | |
| ^ GJ | GL | 037480 | | REVERSE | 4/30/2007 | Transfer to 22160 Nada Airline | | 0.00 | 900,000.00 | |
| AP | VO | 266661 | 04/10/07stmt | 738245 | 4/18/2007 | AMEX-Due From AirNokomis | | 559.04 | 0.00 | |
| AP | VO | 266661 | 04/10/07stmt | 738245 | 4/18/2007 | AMEX-Due From AirNokomis | | 208.00 | 0.00 | |
| AP | VO | 267781 | 04/18/07stmt | 741022 | 4/25/2007 | AMEX - Lee F | | 14.85 | 0.00 | |
| AP | VO | 267780 | 120 | 741024 | 4/25/2007 | Solar Trek | | 203.45 | 0.00 | |
| AP | VO | 267780 | No 1 | 741027 | 4/25/2007 | Roberson Co. | | 15,270.83 | 0.00 | |
| AP | VO | 267965 | 05/11/07stmt | 741612 | 4/26/2007 | AMEX - Herzberger | | 180.00 | 0.00 | |
| AP | VO | 268316 | PP109 | 742408 | 4/30/2007 | SPP-Paul R. Allen-Memo Fee | | 50,000.00 | 0.00 | |
| | | | | | Period 12-07 Total | | 3,519,967.87 | 22,496,656.11 | 26,016,523.98 | 0.00 |
| GJ | GL | 037071 | ck 235642111 | 05-23-7 | 5/23/2007 | From Quality Title | | 0.00 | 10,410.92 | |
| GJ | GL | 036822 | | 5/14/07 | 5/14/2007 | Wire from Wachovia Inv 1404 | | 106,543.52 | 0.00 | |
| GJ | GL | 037072 | | 5/23/2007 | 5/23/2007 | Jeff Strici | | 6,012.65 | 0.00 | |
| GJ | GL | 036960 | | RECLASS | 5/1/2007 | Deposit Magnolia Street Fund I | | 2,500.00 | 0.00 | |
| GJ | GL | 036960 | | RECLASS | 5/1/2007 | Deposit Magnolia Street Fund I | | 2,500.00 | 0.00 | |
| GJ | GL | 036960 | | RECLASS | 5/1/2007 | Deposit Magnolia Street Fund I | | 90.00 | 0.00 | |
| ^ GJ | GL | 038403 | | RECLASS | 5/3/2007 | Nada Airline | | 0.00 | 1,585.19 | |
| ^ GJ | GL | 038411 | | RECLASS | 3/22/2007 | Geoffrey Marshall-New Bldg-ME | | 7,711.24 | 0.00 | |
| ^ GJ | GL | 038411 | | RECLASS | 3/22/2007 | Geoffrey Marshall-Constr-ME | | 4,897.15 | 0.00 | |
| ^ GJ | GL | 038444 | | RECLASS | 1/23/2007 | FL Corp File - Upload | | 0.00 | 50.00 | |
| ^ GJ | GL | 038444 | | RECLASS | 5/1/2007 | Deposit Magnolia Street Fund I | | 0.00 | 2,500.00 | |
| ^ GJ | GL | 038444 | | RECLASS | 5/1/2007 | Deposit Magnolia Street Fund I | | 0.00 | 2,500.00 | |
| ^ GJ | GL | 038444 | | RECLASS | 5/1/2007 | Deposit Magnolia Street Fund I | | 0.00 | 90.00 | |

# COLONIAL BANK.

Page 1 of 18

**Questions about your account, call**
**Colonial Connection: 877-502-2265**

www.colonialbank.com

## Commercial Checking

| | |
|---|---|
| ACCOUNT NUMBER | 8030377314 |
| STATEMENT PERIOD | April 1, 2007 – April 30, 2007 |

Colonial Bank appreciates
your business. Thank you
for being our customer

TAYLOR BEAN & WHITAKER MTG CORP
OPERATING ACCOUNT
101 NE 2ND ST
OCALA FL 34470

## Account Summary

| | | | |
|---|---|---|---|
| Previous Balance | $ 1,484,407.18 | Average Collected Balance | $ 864,185.20 |
| Total Credit(s) | + 51,554,360.86 | | |
| Total Debit(s) | – 59,038,955.04 | | |
| Service Charge | – 0.00 | | |
| Ending Balance | – $ 187.02 | | |

## Account Details

### Deposits and Other Credits

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 4/2 | ACH ORIGINATION CREDIT TAYLORBEAN (XFR) TRANSFER 8030377314 | 822,768.99 |
| 4/2 | DEPOSIT | 29,923.02 |
| 4/2 | ACH ORIGINATION CREDIT TAYLORBEAN (XFR) TRANSFER 8030377S | 4,268.74 |
| 4/3 | ACH ORIGINATION CREDIT TAYLORBEAN (XFR) TRANSFER 8030377314 | 3,204,931.85 |
| 4/3 | DEPOSIT | 39,192.77 |
| 4/3 | ACH ORIGINATION CREDIT TAYLORBEAN (XFR) TRANSFER 8030377S | 23,218.85 |
| 4/4 | ACH ORIGINATION CREDIT TAYLORBEAN (XFR) TRANSFER 8030377314 | 1,023,759.66 |
| 4/4 | ACH ORIGINATION CREDIT TAYLORBEAN (XFR) TRANSFER 8030377S | 27,430.36 |
| 4/4 | DEPOSIT | 20,775.95 |
| 4/5 | ACH ORIGINATION CREDIT TAYLORBEAN (XFR) TRANSFER 8030377314 | 329,820.25 |
| 4/5 | DEPOSIT | 60,076.99 |
| 4/5 | ACH ORIGINATION CREDIT TAYLORBEAN (XFR) TRANSFER 8030377S | 15,250.17 |

GOVERNMENT
EXHIBIT
20-7

DOJ-OTZ-031A 03907347

5

# COLONIAL BANK.



Page 2 of 18

## Commercial Checking

Questions about your account, call
Colonial Connection: 877-502-2265

www.colonialbank.com

| ACCOUNT NUMBER | 8030377314 |
|---|---|
| STATEMENT PERIOD | April 1, 2007 – April 30, 2007 |

## Deposits and Other Credits (continued)

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 4/6 | ACH ORIGINATION CREDIT<br>TAYLORBEAN (XFR) TRANSFER 8030377314 | 1,023,282.02 |
| 4/6 | DEPOSIT | 64,031.45 |
| 4/6 | ACH ORIGINATION CREDIT<br>TAYLORBEAN (XFR) TRANSFER 80303773 | 22,335.92 |
| 4/6 | DEPOSIT | 19,408.15 |
| 4/9 | ACH ORIGINATION CREDIT<br>TAYLORBEAN (XFR) TRANSFER 8030377314 | 1,212,557.59 |
| 4/9 | ACH ORIGINATION CREDIT<br>TAYLORBEAN (XFR) TRANSFER 80303773 | 13,134.20 |
| 4/10 | ACH ORIGINATION CREDIT<br>TAYLORBEAN (XFR) TRANSFER 8030377314 | 1,842,010.15 |
| 4/10 | DEPOSIT | 29,723.28 |
| 4/10 | ACH ORIGINATION CREDIT<br>TAYLORBEAN (XFR) TRANSFER 80303773 | 1,833.72 |
| 4/11 | ACH ORIGINATION CREDIT<br>TAYLORBEAN (XFR) TRANSFER 8030377314 | 103,098.40 |
| 4/11 | DEPOSIT | 34,140.54 |
| 4/11 | ACH ORIGINATION CREDIT<br>TAYLORBEAN (XFR) TRANSFER 80303773 | 32,899.24 |
| 4/12 | ACH ORIGINATION CREDIT<br>TAYLORBEAN (XFR) TRANSFER 8030377314 | 377,647.81 |
| 4/12 | INCOMING WIRE CREDIT<br>TAYLOR BEAN AND WHITAKER MORTGAGE C | 100,000.00 |
| 4/12 | DEPOSIT | 32,742.20 |
| 4/12 | ACH ORIGINATION CREDIT<br>TAYLORBEAN (XFR) TRANSFER 80303773 | 27,598.83 |
| 4/13 | ACH ORIGINATION CREDIT<br>TAYLORBEAN (XFR) TRANSFER 8030377314 | 327,645.68 |
| 4/13 | ACH CCD/CTX CREDIT<br>MORTGAGE WAREHOU ACCT TRANS FROM 8026069362 | 300,000.00 |
| 4/13 | ACH ORIGINATION CREDIT<br>TAYLORBEAN (XFR) TRANSFER 80303773 | 19,302.50 |
| 4/13 | DEPOSIT | 15,209.18 |
| 4/16 | INCOMING WIRE CREDIT<br>TAYLOR BEAN & WHITAKER MORTGAG | 2,000,000.00 |
| 4/16 | INCOMING WIRE CREDIT<br>TAYLOR BEAN AND WHITAKER MORTGAGE C | 1,000,000.00 |
| 4/16 | DEPOSIT | 33,747.58 |
| 4/16 | ACH ORIGINATION CREDIT<br>TAYLORBEAN (XFR) TRANSFER 80303773 | 19,874.64 |
| 4/17 | CREDIT MEMO | 15,000,000.00 |
| 4/17 | ACH ORIGINATION CREDIT<br>TAYLORBEAN (XFR) TRANSFER 8030377314 | 2,604,209.63 |
| 4/17 | ACH CCD/CTX CREDIT<br>MORTGAGE WAREHOU ACCT TRANS FROM 8026069362 | 1,600,000.00 |

# COLONIAL BANK.

*Page 12 of 18*

## Commercial Checking

Questions about your account, call
Colonial Connection: 877-502-2265
www.colonialbank.com

ACCOUNT NUMBER    8030377314

STATEMENT PERIOD   April 1, 2007 – April 30, 2007

### Other Debits (continued)

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 4/17 | ACH CCD/CTX DEBIT<br>VETERANS AFFAIRS PAYMENT 6ICO58M2C21 | 2,107.00 |
| 4/17 | ACH CCD/CTX DEBIT<br>VETERANS AFFAIRS PAYMENT 6ICO58LP731 | 1,827.50 |
| 4/18 | RET ITEM CHGBK | 700.00 |
| 4/18 | ACH CCD/CTX DEBIT<br>MORTGAGE WAREHOU ACCT TRANS TO 8026069362 | 15,000,000.00 |
| 4/18 | ACH DEBIT<br>TAYLORBEAN (XFR) TRANSFER 8030377314 | 944,870.89 |
| 4/18 | ACH DEBIT<br>COLONIAL BANK DISP XFER DISBERSMENT | 437,434.88 |
| 4/18 | ACH CCD/CTX DEBIT<br>METLIFE METLIFE 600001448110 | 66,349.64 |
| 4/18 | ACH CCD/CTX DEBIT<br>HUD NEW PURCHASE COF DEBIT 000007499100008 | 53,784.23 |
| 4/18 | ACH CCD/CTX DEBIT<br>VETERANS AFFAIRS PAYMENT 6ICO9TONGA1 | 4,923.50 |
| 4/18 | ACH CCD/CTX DEBIT<br>VETERANS AFFAIRS PAYMENT 6ICO9TP3MU1 | 4,522.50 |
| 4/18 | ACH CCD/CTX DEBIT<br>VETERANS AFFAIRS PAYMENT 6ICO9TOKEL1 | 4,439.75 |
| 4/18 | ACH CCD/CTX DEBIT<br>VETERANS AFFAIRS PAYMENT 6ICO9TOHD01 | 4,300.00 |
| 4/18 | ACH CCD/CTX DEBIT<br>VETERANS AFFAIRS PAYMENT 6ICO9TOEBB1 | 3,633.50 |
| 4/18 | ACH CCD/CTX DEBIT<br>VETERANS AFFAIRS PAYMENT 6ICO9TOQHV1 | 2,429.50 |
| 4/18 | ACH CCD/CTX DEBIT<br>VETERANS AFFAIRS PAYMENT 6ICO9TOB9M1 | 2,083.35 |
| 4/18 | ACH CCD/CTX DEBIT<br>VETERANS AFFAIRS PAYMENT 6ICO9TOTJK1 | 1,995.00 |
| 4/18 | ACH CCD/CTX DEBIT<br>VETERANS AFFAIRS PAYMENT 6ICO9TP0L91 | 1,827.50 |
| 4/19 | RET ITEM CHGBK | 81.09 |
| 4/19 | ACH DEBIT<br>COLONIAL BANK DISP XFER DISBERSMENT | 502,914.21 |
| 4/19 | ACH DEBIT<br>TAYLORBEAN (XFR) TRANSFER 8030377314 | 65,391.01 |
| 4/19 | ACH CCD/CTX DEBIT<br>HUD NEW PURCHASE COF DEBIT 000007499100008 | 65,111.31 |
| 4/19 | ACH CCD/CTX DEBIT<br>FEDERAL EXPRESS DEBIT MMA01163453 | 6,553.35 |
| 4/20 | RET ITEM CHGBK | 142.44 |
| 4/20 | ACH DEBIT<br>COLONIAL BANK DISP XFER DISBERSMENT | 843,151.01 |

# COLONIAL BANK.

## Commercial Checking

Questions about your account, call
Colonial Connection: 877-502-2265

www.colonialbank.com

| ACCOUNT NUMBER | 8030377314 |
|---|---|
| STATEMENT PERIOD | April 1, 2007 – April 30, 2007 |

041707

8030377314    *15 000 000.00

Ck#          Date 04/17/2007    $15,000,000.00



| | TBW Loan # | Property Address | Loan Date | "Borrower" | Loan Amount | Lending Facility | Loan Property? | Comments |
|---|---|---|---|---|---|---|---|---|
| 1 | 477897 | 4650 SW 7th Ave. Ocala, FL 34474 | 10/31/2003 | John Welch | $295,000 | On Colonial AOT | Not in Servicing | Farkas purchased the property from John Welch for $750,000 on 10/31/2003. |
| 2 | 477905 | 916 SE Ft. King St. Ocala, FL 34470 | 11/3/2003 | John F. Welch | $280,000 | On Colonial AOT | Not in Servicing | Property is Welch's law office and has had no mortgage since 2002. |
| 3 | 477907 | 4500 SW 7th Ave. Ocala, FL 34474 | 10/31/2003 | John F. Welch | $170,000 | On Colonial AOT | Not in Servicing | Property does not exist. |
| | | | | Welch Total: | $745,000 | | | |
| 4 | 552225 | 2014 NE 18th St. Ft. Lauderdale, FL 33308 | 3/26/2004 | Raymond J. Dragani | $315,000 | On Colonial AOT | None | |
| 5 | 552226 | 2022 NE 18th St. Ft. Lauderdale, FL 33308 | 3/26/2004 | Raymond Dragani | $315,000 | On Colonial AOT | None | Thunderflower (a Farkas entity) purchased these four properties (and a business) from Dragani for $1,285,000 with cash on the same day these loans were originated in Dragani's name. |
| 6 | 552227 | 2019 NE 18th St. Ft. Lauderdale, FL 33308 | 3/26/2004 | Raymond Dragani | $315,000 | On Colonial AOT | None | |
| 7 | 552228 | 2024 NE 18th St. Ft. Lauderdale, FL 33308 | 3/26/2004 | Raymond J. Dragani | $315,000 | On Colonial AOT | None | |
| | | | | Dragani Total: | $1,260,000 | | | |
| 8 | 612304 | 1123 Soundview Trail Gulf Breeze, FL 32571 | 8/16/2004 | Benjamin J. Charles | $433,333 | On Colonial AOT | Yes | Charles and Farkas purchased the property for $1,300,000 on 8/16/2004. |
| 9 | 623420 | 1124 Soundview Trail Gulf Breeze, FL 32571 | 8/16/2004 | Lee Farkas | $300,000 | On Colonial AOT | None | Neither Farkas nor Charles has ever had any ownership of this property. |
| 10 | 623425 | 1125 Soundview Trail Gulf Breeze, FL 32571 | 8/16/2004 | Lee Farkas | $300,000 | On Colonial AOT | None | Neither Farkas nor Charles has ever had any ownership of this property. |
| 11 | 623426 | 1126 Soundview Trail Gulf Breeze, FL 32571 | 8/16/2004 | Lee Farkas | $300,000 | On Colonial AOT | None | Property does not exist. |
| | | | | Soundview Total: | $1,333,333 | | | |
| 12 | 1506247 | 4870 SW 63rd Loop, Unit A Ocala, FL | 11/30/2006 | Lee Farkas | $382,000 | WaMu, then Colonial Working Capital | Not in Servicing | |
| 13 | 1506249 | 4870 SW 63rd Loop, Unit B Ocala, FL | 11/30/2006 | Lee Farkas | $382,000 | WaMu, then Colonial Working Capital | Not in Servicing | |
| 14 | 1506250 | 4870 SW 63rd Loop, Unit C Ocala, FL | 11/30/2006 | Lee Farkas | $382,000 | WaMu, then Colonial Working Capital | Not in Servicing | |
| 15 | 1506251 | 4870 SW 63rd Loop, Unit D Ocala, FL | 11/30/2006 | Lee Farkas | $382,000 | WaMu, then Colonial Working Capital | Not in Servicing | Property is a small clubhouse for a home owners' association; there are no Units A-G. |
| 16 | 1506254 | 4870 SW 63rd Loop, Unit F Ocala, FL | 11/30/2006 | Lee Farkas | $382,000 | WaMu, then Colonial Working Capital | Not in Servicing | Proceeds of $2,674,000 were used to make a payment on Farkas jet. |
| 17 | 1506255 | 4870 SW 63rd Loop, Unit E Ocala, FL | 11/30/2006 | Lee Farkas | $382,000 | WaMu, then Colonial Working Capital | Not in Servicing | |
| 18 | 1506269 | 4870 SW 63rd Loop, Unit G Ocala, FL | 11/30/2006 | Lee Farkas | $382,000 | WaMu, then Colonial Working Capital | Not in Servicing | |
| | | | | 63rd Loop Total: | $2,674,000 | | | |

GOVERNMENT
EXHIBIT
19-124
1:10CR200

6

KeyCite Yellow Flag - Negative Treatment

Unconstitutional or PreemptedPrior Version's Validity Called into Doubt byU.S. v. RiedID.Hawai'iOct 11, 2001

KeyCite Yellow Flag - Negative TreatmentProposed Legislation

United States Code Annotated

Title 21. Food and Drugs (Refs & Annos)

Chapter 13. Drug Abuse Prevention and Control (Refs & Annos)

Subchapter I. Control and Enforcement

Part D. Offenses and Penalties

## 21 U.S.C.A. § 853

### § 853. Criminal forfeitures

### Effective: December 1, 2009
### Currentness

### (a) Property subject to criminal forfeiture

Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law--

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and

(3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

The court, in imposing sentence on such person, shall order, in addition to any other sentence imposed pursuant to this subchapter or subchapter II of this chapter, that the person forfeit to the United States all property described in this subsection. In lieu of a fine otherwise authorized by this part, a defendant who derives profits or other proceeds from an offense may be fined not more than twice the gross profits or other proceeds.

### (b) Meaning of term "property"

Property subject to criminal forfeiture under this section includes--

(1) real property, including things growing on, affixed to, and found in land; and

(2) tangible and intangible personal property, including rights, privileges, interests, claims, and securities.

### (c) Third party transfers

All right, title, and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any such property that is subsequently

§ 853. Criminal forfeitures, 21 USCA § 853

transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (n) of this section that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under this section.

### (d) Rebuttable presumption

There is a rebuttable presumption at trial that any property of a person convicted of a felony under this subchapter or subchapter II of this chapter is subject to forfeiture under this section if the United States establishes by a preponderance of the evidence that--

(1) such property was acquired by such person during the period of the violation of this subchapter or subchapter II of this chapter or within a reasonable time after such period; and

(2) there was no likely source for such property other than the violation of this subchapter or subchapter II of this chapter.

### (e) Protective orders

(1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section--

(A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section; or

(B) prior to the filing of such an indictment or information, if, after notice to persons appearing to have an interest in the property and opportunity for a hearing, the court determines that--

(i) there is a substantial probability that the United States will prevail on the issue of forfeiture and that failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture; and

(ii) the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered:

Provided, however, That an order entered pursuant to subparagraph (B) shall be effective for not more than ninety days, unless extended by the court for good cause shown or unless an indictment or information described in subparagraph (A) has been filed.

(2) A temporary restraining order under this subsection may be entered upon application of the United States without notice or opportunity for a hearing when an information or indictment has not yet been filed with respect to the property, if the United States demonstrates that there is probable cause to believe that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section and that provision of notice will jeopardize the availability of the property for forfeiture. Such a temporary order shall expire not more than fourteen days after the date on which it is entered, unless extended for good cause shown or unless the party against whom it is entered consents to an extension for a longer period. A hearing requested concerning an order entered under this paragraph shall be held at the earliest possible time and prior to the expiration of the temporary order.

(3) The court may receive and consider, at a hearing held pursuant to this subsection, evidence and information that would be inadmissible under the Federal Rules of Evidence.

Next

**(4) Order to repatriate and deposit**

**(A) In general**

Pursuant to its authority to enter a pretrial restraining order under this section, the court may order a defendant to repatriate any property that may be seized and forfeited, and to deposit that property pending trial in the registry of the court, or with the United States Marshals Service or the Secretary of the Treasury, in an interest-bearing account, if appropriate.

**(B) Failure to comply**

Failure to comply with an order under this subsection, or an order to repatriate property under subsection (p) of this section, shall be punishable as a civil or criminal contempt of court, and may also result in an enhancement of the sentence of the defendant under the obstruction of justice provision of the Federal Sentencing Guidelines.

**(f) Warrant of seizure**

The Government may request the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant. If the court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture and that an order under subsection (e) of this section may not be sufficient to assure the availability of the property for forfeiture, the court shall issue a warrant authorizing the seizure of such property.

**(g) Execution**

Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited. Any income accruing to or derived from property ordered forfeited under this section may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties.

**(h) Disposition of property**

Following the seizure of property ordered forfeited under this section, the Attorney General shall direct the disposition of the property by sale or any other commercially feasible means, making due provision for the rights of any innocent persons. Any property right or interest not exercisable by, or transferable for value to, the United States shall expire and shall not revert to the defendant, nor shall the defendant or any person acting in concert with him or on his behalf be eligible to purchase forfeited property at any sale held by the United States. Upon application of a person, other than the defendant or a person acting in concert with him or on his behalf, the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the applicant demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to him.

**(i) Authority of the Attorney General**

With respect to property ordered forfeited under this section, the Attorney General is authorized to--

(1) grant petitions for mitigation or remission of forfeiture, restore forfeited property to victims of a violation of this subchapter, or take any other action to protect the rights of innocent persons which is in the interest of justice and which is not inconsistent with the provisions of this section;

(2) compromise claims arising under this section;

Next

§ 853. Criminal forfeitures, 21 USCA § 853

(3) award compensation to persons providing information resulting in a forfeiture under this section;

(4) direct the disposition by the United States, in accordance with the provisions of section 881(e) of this title, of all property ordered forfeited under this section by public sale or any other commercially feasible means, making due provision for the rights of innocent persons; and

(5) take appropriate measures necessary to safeguard and maintain property ordered forfeited under this section pending its disposition.

**(j) Applicability of civil forfeiture provisions**

Except to the extent that they are inconsistent with the provisions of this section, the provisions of section 881(d) of this title shall apply to a criminal forfeiture under this section.

**(k) Bar on intervention**

Except as provided in subsection (n) of this section, no party claiming an interest in property subject to forfeiture under this section may--

(1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or

(2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

**(l) Jurisdiction to enter orders**

The district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section or which has been ordered forfeited under this section.

**(m) Depositions**

In order to facilitate the identification and location of property declared forfeited and to facilitate the disposition of petitions for remission or mitigation of forfeiture, after the entry of an order declaring property forfeited to the United States, the court may, upon application of the United States, order that the testimony of any witness relating to the property forfeited be taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged be produced at the same time and place, in the same manner as provided for the taking of depositions under Rule 15 of the Federal Rules of Criminal Procedure.

**(n) Third party interests**

(1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

(2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

(3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition

of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

(4) The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition. The court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than the defendant under this subsection.

(5) At the hearing, the petitioner may testify and present evidence and witnesses on his own behalf, and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture.

(6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.

(7) Following the court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions, the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee.

(o) Construction

The provisions of this section shall be liberally construed to effectuate its remedial purposes.

(p) Forfeiture of substitute property

(1) In general

Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant--

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty.

(2) Substitute property

In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

**(3) Return of property to jurisdiction**

In the case of property described in paragraph (1)(C), the court may, in addition to any other action authorized by this subsection, order the defendant to return the property to the jurisdiction of the court so that the property may be seized and forfeited.

**(q) Restitution for cleanup of clandestine laboratory sites**

The court, when sentencing a defendant convicted of an offense under this subchapter or subchapter II of this chapter involving the manufacture, the possession, or the possession with intent to distribute, of amphetamine or methamphetamine, shall--

(1) order restitution as provided in sections 3612 and 3664 of Title 18;

(2) order the defendant to reimburse the United States, the State or local government concerned, or both the United States and the State or local government concerned for the costs incurred by the United States or the State or local government concerned, as the case may be, for the cleanup associated with the manufacture of amphetamine or methamphetamine by the defendant, or on premises or in property that the defendant owns, resides, or does business in; and

(3) order restitution to any person injured as a result of the offense as provided in section 3663A of Title 18.

**Credits**

(Pub.L. 91-513, Title II, § 413, as added Pub.L. 98-473, Title II, § 303, Oct. 12, 1984, 98 Stat. 2044, and amended Pub.L. 98-473, Title II, § 2301(d)-(f), Oct. 12, 1984, 98 Stat. 2192, 2193; Pub.L. 99-570, Title I, §§ 1153(b), 1864, Oct. 27, 1986, 100 Stat. 3207-13, 3207-54; Pub.L. 104-237, Title II, § 207, Oct. 3, 1996, 110 Stat. 3104; Pub.L. 106-310, Div. B, Title XXXVI, § 3613(a), Oct. 17, 2000, 114 Stat. 1229; Pub.L. 107-56, Title III, § 319(d), Oct. 26, 2001, 115 Stat. 314; Pub.L. 109-177, Title VII, § 743(a), Mar. 9, 2006, 120 Stat. 272; Pub.L. 111-16, § 5, May 7, 2009, 123 Stat. 1608.)

Notes of Decisions (365)

Current through P.L. 112-17 approved 6-1-11

   © 2011 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated

Federal Rules of Criminal Procedure for the United States District Courts (Refs & Annos)

VII. Post-Conviction Procedures

Federal Rules of Criminal Procedure, Rule 32.2

Rule 32.2. Criminal Forfeiture

Currentness

**(a) Notice to the Defendant.** A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute. The notice should not be designated as a count of the indictment or information. The indictment or information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks.

**(b) Entering a Preliminary Order of Forfeiture.**

**(1) Forfeiture Phase of the Trial.**

**(A) Forfeiture Determinations.** As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

**(B) Evidence and Hearing.** The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

**(2) Preliminary Order.**

**(A) Contents of a Specific Order.** If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

**(B) Timing.** Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

**(C) General Order.** If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the court may enter a forfeiture order that:

(i) lists any identified property;

(ii) describes other property in general terms; and

(iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

**(3) Seizing Property.** The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

**(4) *Sentence and Judgment.***

**(A) When Final.** At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

**(B) Notice and Inclusion in the Judgment.** The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36.

**(C) Time to Appeal.** The time for the defendant or the government to file an appeal from the forfeiture order, or from the court's failure to enter an order, begins to run when judgment is entered. If the court later amends or declines to amend a forfeiture order to include additional property under Rule 32.2(e), the defendant or the government may file an appeal regarding that property under Federal Rule of Appellate Procedure 4(b). The time for that appeal runs from the date when the order granting or denying the amendment becomes final.

**(5) Jury Determination.**

**(A) Retaining the Jury.** In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.

**(B) Special Verdict Form.** If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

**(6) Notice of the Forfeiture Order.**

**(A) Publishing and Sending Notice.** If the court orders the forfeiture of specific property, the government must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

**(B) Content of the Notice.** The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition.

**(A)** is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or

**(B)** is substitute property that qualifies for forfeiture under an applicable statute.

**(2) Procedure.** If the government shows that the property is subject to forfeiture under Rule 32.2(e)(1), the court must:

**(A)** enter an order forfeiting that property, or amend an existing preliminary or final order to include it; and

**(B)** if a third party files a petition claiming an interest in the property, conduct an ancillary proceeding under Rule 32.2(c).

**(3) Jury Trial Limited.** There is no right to a jury trial under Rule 32.2(e).

**Credits**
(Added Apr. 17, 2000, eff. Dec. 1, 2000, and amended Apr. 29, 2002, eff. Dec. 1, 2002; Mar. 26, 2009, eff. Dec. 1, 2009.)

**Editors' Notes**

**ADVISORY COMMITTEE NOTES**
2000 Adoption

Rule 32.2 consolidates a number of procedural rules governing the forfeiture of assets in a criminal case. Existing Rules 7(c)(2), 31(e) and 32(d)(2) are also amended to conform to the new rule. In addition, the forfeiture-related provisions of Rule 38(e) are stricken.

**Subdivision (a).** Subdivision (a) is derived from Rule 7(c)(2) which provides that notwithstanding statutory authority for the forfeiture of property following a criminal conviction, no forfeiture order may be entered unless the defendant was given notice of the forfeiture in the indictment or information. As courts have held, subdivision (a) is not intended to require that an itemized list of the property to be forfeited appear in the indictment or information itself. The subdivision reflects the trend in caselaw interpreting present Rule 7(c). Under the most recent cases, Rule 7(c) sets forth a requirement that the government give the defendant notice that it will be seeking forfeiture in accordance with the applicable statute . It does not require a substantive allegation in which the property subject to forfeiture, or the defendant's interest in the property, must be described in detail. *See United States v. DeFries*, 129 F.3d 1293 (D.C.Cir. 1997) (it is not necessary to specify in either the indictment or a bill of particulars that the government is seeking forfeiture of a particular asset, such as the defendant's salary; to comply with Rule 7(c), the government need only put the defendant on notice that it will seek to forfeit everything subject to forfeiture under the applicable statute, such as all property "acquired or maintained" as a result of a RICO violation). *See also United States v. Moffitt, Zwerling & Kemler, P.C.*, 83 F.3d 660, 665 (4th Cir. 1996), *aff'g* 846 F.Supp. 463 (E.D. Va. 1994) (*Moffitt* I) (indictment need not list each asset subject to forfeiture; under Rule 7(c), this can be done with bill of particulars); *United States v. Voigt*, 89 F.3d 1050 (3rd Cir. 1996) (court may amend order of forfeiture at any time to include substitute assets).

**Subdivision (b).** Subdivision (b) replaces Rule 31(e) which provides that the jury in a criminal case must return a special verdict "as to the extent of the interest or property subject to forfeiture." *See United States v. Saccoccia*, 58 F.3d 754 (1st Cir. 1995) (Rule 31(e) only applies to jury trials; no special verdict required when defendant waives right to jury on forfeiture issues).

One problem under Rule 31(e) concerns the scope of the determination that must be made prior to entering an order of forfeiture. This issue is the same whether the determination is made by the court or by the jury.